## Ex parte Marshall BRADLEY.

### No. 53483.

Court of Criminal Appeals of Texas.

Feb. 2, 1977.

Eugene T. McLaughlin, Houston, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is a post conviction writ of habeas corpus proceeding. See Article 11.07, V.A.C.C.P.

The petitioner, who was convicted of the offense of theft and whose punishment was assessed at ten years, asserts that he was denied the right of appeal. After petitioner was adjudged guilty, a motion for new trial was timely filed. Five days thereafter and

while the motion for new trial was still pending, petitioner was sentenced. Because the sentence was untimely and improperly pronounced, the court re-sentenced petitioner on November 6, 1975. On appeal, since the record did not reflect that notice of appeal was given, the appeal was dismissed by a per curiam opinion dated December 17, 1975 in our cause number 51,435.

We now have before us the court reporter's transcript of the re-sentencing hearing on November 6, 1975. At that hearing petitioner's trial counsel testified that petitioner had advised him after trial that he wanted to appeal and had employed a Houston attorney to act as appellate counsel. The Houston attorney testified that he arranged for the setting and execution of an appeal bond which was approved by the trial court. He also ordered from the district clerk a transcript of the matters on file in the case. When these matters were not ready, he obtained from the trial court an extension of time within which to file the record for purposes of appeal. From the testimony adduced on the resentencing hearing we can only conclude that trial counsel when notified that appellate counsel had been employed assumed that appellate counsel would give notice of appeal when the motion for new trial had been disposed of, and that appellate counsel who was employed to prepare the appellate brief assumed that trial counsel had given notice of appeal. As a result of this confusion neither attorney gave formal notice of appeal. Just a moment before petitioner was re-sentenced appellate counsel requested the court in the interest of justice to allow appellant to proceed with his appeal. Since this statement was made prior to the pronouncement of a valid sentence, it was premature and could not be deemed a valid notice of appeal. However, after petitioner was re-sentenced he took the stand and testified that it was always his desire to appeal and that he had hired lawyers for that purpose and assumed that his lawyers *would* take care of getting his case properly appealed. The re-sentencing hearing was then terminated and still no timely formal notice of appeal had been given. However,

it is clear from the record that petitioner desired to appeal and that the trial court was fully aware of this desire.

Art. 44.08(a), Vernon's Ann.C.C.P., provides:

"It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. This notice may be given orally in open court or may be in writing filed with the clerk. *Such notice shall be sufficient if it shows the desire of defendant to appeal* from the conviction to the Court of Criminal Appeals." (Emphasis added).

As Presiding Judge John F. Onion, Jr., stated in his special commentary to the above article: "The method of giving notice of appeal has been liberalized and made less technical . . . ."

It is obvious that petitioner's desire for appellate review has been frustrated, and that he is the victim of judicial error resulting from an initially void sentence and by the lack of proper action on the part of his retained attorney which has so far denied him of a valuable right.

Petitioner's prayer for relief is granted and he is hereby granted an out of time appeal. The trial court is directed to proceed with petitioner's appeal in accordance with Art. 40.09, Vernon's Ann.C.C.P.

Opinion approved by the Court.