**Theodore W. RICHIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58942.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 16, 1980.

Rehearing Denied May 21, 1980.

M. Mark Lesher, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty. and Dennis Jones, Asst. Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for indecency with a child. Having found the appellant guilty, the jury assessed punishment at ten (10) years in the Department of Corrections.

On appeal we are confronted with a jurisdictional question—whether notice of appeal was properly and timely given. The record is somewhat confused. The formal judgment is dated July 18, 1977, although the docket sheet reveals the penalty stage of the trial was not concluded until July 19, 1977. On July 29, 1977, the appellant filed a motion for new trial. On the same date a sentence was imposed. Whether the filing of the motion for new trial preceded the sentencing or vice versa is not shown. The transcription of the court reporter's notes reflects that appellant was sentenced on July 29, 1977, without objection. Only after the sentencing did appellant's counsel call the court's attention to the motion for new trial. The court set a hearing on said motion for August 4, 1977. On August 5,

1977, the court entered an order overruling the motion for new trial reflecting evidence was heard on August 4th. No transcription of the court reporter's notes on such hearing is in the record before us. On August 15, 1977, the appellant gave notice of appeal. On August 19, 1977, the appellant was re-sentenced. The sentence of July 29, 1977, in the record, has been marked "void" and x-ed out.[1]

Article 44.08, V.A.C.C.P., requires notice of appeal to be given in cases such as the instant one within ten (10) days of the sentence. The notice of appeal was not timely given with regard to the first sentence. Further, it (the first sentence) appears to have been set aside to consider the motion for new trial. Still further, the notice of appeal was given prior to the second sentence and was therefore premature. No notice of appeal was properly given, and this court is without jurisdiction to consider this appeal.

The appeal is dismissed.

1. It has been held that a sentence should not be pronounced until the motion for new trial is overruled. *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1976); *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1978). It may have been for this reason the sentence of July 29th was set aside or marked void.