David Neil GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 61665.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 27, 1982.

Rehea⸴ ing Denied March 3, 1982.

James L. Cutcher & Leland R. Enochs, Taylor, for appellant.

Edward J. Walsh, Dist. Atty. and Edgar A. Nooning, III, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation, where the punishment was assessed by the jury at five (5) years' imprisonment.

At the outset we are confronted with a question of jurisdiction called to our attention by the State in its brief filed in the trial court in accordance with Article 40.09, V.A.C.C.P.

The jury returned its verdict on July 27, 1978. On August 7, 1978, the appellant filed a motion for new trial.[1] On August 17, 1978, prior to the motion for a new trial being ruled on by the court or overruled by operation of law, appellant was sentenced. On August 23, 1978, the appellant filed a written notice of appeal. On August 31, 1978, the appellant was permitted by the court to file an amended motion for new

1. August 7th was a Monday and the court was not in session on August 6th. The motion was timely filed.

trial. On that date the court overruled that motion. On September 7, 1978, appellant was again sentenced. No notice of appeal, oral or written, was given after this second sentence.

Article 44.08, V.A.C.C.P., provides in pertinent part:

"(a) It shall be necessary for a defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal . . .

"(b) In cases where the death penalty has been assessed or in probation cases where imposition of sentence is suspended, such notice shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict.

"(c) In all other cases *such notice shall be given or filed within ten days after sentence is pronounced.*

"(d) * * *

"(e) For good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days." (Emphasis supplied.)

It has been held that notice of appeal is untimely if filed before the disposition of a motion for new trial by action of the court or by operation of law. *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.App.1973). Further, it has been held that a notice of appeal given before a valid sentence is ineffective. *Dullnig v. State*, 504 S.W.2d 495 (Tex.Cr. App.1974); *Ex parte Bradley*, 546 S.W.2d 305 (Tex.Cr.App.1977).

It is well settled that a sentence is untimely pronounced when a timely filed motion for new trial has not been overruled by action of the court or by operation of law. Such a sentence is voidable and an appeal therefrom will be dismissed. *Means v. State*, 552 S.W.2d 166 (Tex.Cr.App.1977); *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr. App.1976). In *Means v. State*, supra, this court wrote:

"In the instant case sentence was pronounced on August 2, 1976 without any showing the court overruled the motion for new trial or that the motion was withdrawn. The timely motion for new trial would not have been overruled by operation of law until August 12, 1976, twenty days after it was filed. *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App. 1969); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973). The sentencing having been improperly and untimely pronounced without the timely filed motion for new trial having been overruled by action of the court or by operation of law and at a time when the motion had not been withdrawn, the sentence is voidable and the appeal must be dismissed. See *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr. App. Opinion on State's Motion for Rehearing, May 18, 1977). . . ." (Footnote omitted.)

■ In the instant case the timely filed motion for new trial was still pending at the time of the first sentence on August 17, 1978. It had not been acted upon by the court, had not been overruled by operation of law, and had not been withdrawn. The sentence of August 17th was improperly and untimely pronounced. The notice of appeal given thereafter on August 23, 1978, was ineffective. *Dullnig v. State*, supra; *Ex parte Bradley*, supra.

■ The trial court, apparently aware of the premature sentencing, permitted the appellant to file an amended motion for new trial.[2] See Article 40.05, V.A.C.C.P. After the appellant was again sentenced on September 7th, there was no notice of appeal given.

The district attorney filed his appellate brief in the trial court questioning the jurisdiction because of a lack of notice of appeal after September 7, 1978. There was no response from the appellant and no attempt to give a belated notice of appeal while the

---

**2.** The better practice would have been to have entered a formal order withdrawing the sen-

tence of August 17th.

trial court still had jurisdiction of the matter. See Article 44.08(e), supra.

There being no timely notice of appeal, this court has no jurisdiction. The appeal is dismissed.