936

Juan O. FAVELA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-82-00170-CR.

Court of Appeals of Texas,
El Paso.

May 18, 1983.

Miguel A. Alvarez, Scott Segall, El Paso, for appellant.

David C. Caylor, City Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from the ruling of the County Court at Law sitting as an intermediate appellate court under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1200ee-1 (Vernon Supp.1982). Appellant was originally convicted in an El Paso municipal court of record for violation of a municipal traffic ordinance. The trial court found Appellant guilty and assessed punishment at a fine of $200.00. Judgment was entered on January 8, 1981. On January 16, Appellant filed a document entitled Motion for New Trial, which commenced with an alternative offer of notice of appeal. On February 12, written notice of appeal was filed. The motion for new trial was overruled by operation of law on March 24. The County Court at Law dismissed the appeal, finding that notice of appeal was premature and that the appeal had therefore not been perfected. We concur with the County Court at Law judge's application of *Gordon v. State,* 627 S.W.2d 708 (Tex.Cr.App.1982), to the facts in this case.

We further note, however, that in Appellant's brief before this Court a challenge is raised to the constitutionality of one portion of the municipal court of record statute, Article 1200ee-1. Despite the dismissal of this appeal, we feel that it is incumbent upon us to briefly address this issue because of its potential impact upon numerous causes of action in the El Paso

municipal courts. Article 1200ee–1, sec. 9, designates the city attorney's office as having the sole prosecutorial responsibility in criminal causes heard within the municipal courts and on appeal. This includes not only municipal ordinance violations, but also statewide penal offenses arising out of the Texas Penal Code and other State legislative enactments. Article 5, sec. 21, of the Texas Constitution restricts representation of the State in criminal prosecutions to the offices of the county and district attorneys. It is Appellant's contention that the city attorney and his assistants have no authority to prosecute offenses arising under statewide penal statutes. *Harris County v. Stewart,* 91 Tex. 133, 41 S.W. 650 (Tex. 1897); *Shepperd v. Alaniz,* 303 S.W.2d 846 (Tex.Civ.App.—San Antonio 1957, no writ). It would appear that in this regard Article 1200ee–1 is in conflict with the Texas Constitution and that the city attorney's criminal responsibility should be limited to the prosecution of municipal ordinance violations. In the remainder of the municipal court criminal actions, the duty to represent the State devolves upon the office of the county attorney. We do not rule on the constitutional question because Appellant has no standing to challenge the constitutionality of the act because his conviction is under a city ordinance.

In any event, the appeal in this case has not been perfected due to premature notice.

The judgment of County Court at Law No. Two is affirmed and the appeal dismissed.