**Juan O. FAVELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 620–83.**

Court of Criminal Appeals of Texas, En Banc.

April 25, 1984.

Scott E. Segall, El Paso, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted in the Municipal Court of the City of El Paso for violation of a municipal traffic ordinance and was assessed a $200.00 fine. The County Court at Law No. 2 dismissed the appeal based on a finding that the notice of appeal was premature. The Court of Appeals of El Paso upheld the decision of the county court, agreeing that the appeal had not been properly perfected. See *Favela v. State,* 651 S.W.2d 936 (Tex.App.—El Paso 1983). We granted appellant's petition for discretionary review to determine the correctness of the decisions of the courts below.

The complaint alleged that appellant violated § 20–140, Ch. 20 of the Code of the City of El Paso. The complaint alleges in

---

part: "that Juan Favela ... did unlawfully and knowingly operate and cause to be operated upon a public street ... a vehicle so loaded with sand, gravel, rock, earth and other particles in bulk that such material was likely to fall and be thrown upon said street....."

In a bench trial the appellant was found guilty and judgment was entered on January 8, 1981. A motion for new trial was filed on January 16, 1981. Said motion incorporated a notice of appeal. There does not appear to have been any hearing or ruling on the motion for new trial. On February 12, 1981, the appellant filed a separate written notice of appeal.

On appeal from the El Paso Municipal Court of Record the County Court at Law No. 2 of El Paso County sitting as appellate court under Article 1200ee–1, V.A.C.S., dismissed the appeal for want of jurisdiction holding in a written opinion that the notice of appeal, being given before the overruling of the motion for new trial, was premature and thus not timely given. The county court opinion relied upon this court's decision in *Gordon v. State*, 627 S.W.2d 708 (Tex.Cr.App.1982). Stating it was bound by *Gordon*, the county court noted that *Gordon* was decided after the effective date of Tex.Cr.App. Rule 211 (effective Sept. 1, 1981), and called attention to the contra decision in *Mayfield v. State*, 627 S.W.2d 474 (Tex.App.—Corpus Christi —1981). *Mayfield* applied said Rule 211 so as to invoke in criminal cases Rule 306c, Texas Rules of Civil Procedure regarding notice of appeal prematurely filed. The county court opinion characterized *Mayfield* as establishing "a fair, equitable and logical rule," and this court was called upon to follow said Rule 306c and overrule our earlier cases. The court, however, feeling bound by *Gordon*, dismissed the appeal for the reasons stated.

The El Paso Court of Appeals concurred with the county court as to its application of *Gordon* and dismissed the appeal in that notice of appeal was prematurely given. In doing so, the Court of Appeals noted that judgment was entered on January 8, 1981, motion for new trial (including a notice of appeal) was filed on January 16, 1981, and a written notice of appeal was filed on February 12, 1981. The court then observed, "The motion for new trial was overruled by operation of law on March 24." No authority was cited or reasoning given for this conclusion.

The question before this court is whether notice of appeal was timely given, and we conclude that it was.

It must be remembered that notice of appeal was given in January, 1981, and in determining whether notice of appeal was timely given in the instant case, we must examine the laws in effect at that time.

Article 1200ee–1, V.A.C.S. (El Paso Municipal Courts of Record), in effect at the time, provided:

"Sec. 14. In order to perfect an appeal, a written motion for a new trial must be filed by the defendant no later than the 10th day after rendition of the judgment of conviction, and may be amended by leave of court at any time before it is acted on within 20 days after the filing of the original or amended motion. For good cause shown the time for filing or amending may be extended by the court, not to exceed 90 days. An original or amended motion shall be deemed overruled by operation of law at the expiration of the 20 days allowed for determination of the motion if it is not acted on by the court within that time. The motion shall set forth the points of error complained of by the defendant.

"Sec. 15. In order to perfect an appeal, the defendant shall give timely notice of appeal. In the event the defendant requests a hearing on his motion for a new trial, the notice of appeal may be given orally in open court upon the overruling of the motion for new trial; otherwise, the notice of appeal shall be in writing and filed with the municipal court no later than the 10th day after the motion for new trial is overruled. For good cause shown the time for giving

notice of appeal may be extended by the court, not to exceed 90 days."[1]

In addition to this special statute; See generally Article 44.08, V.A.C.C.P. Article 40.05, V.A.C.C.P., in effect at the time, read in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal...."

Under this statute the motion for new trial was overruled by operation of law twenty (20) days after filing the same where no action was taken by the court. See *Trevino v. State*, 565 S.W.2d 938 (Tex. Cr.App.1978); *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr.App.1976); *Grimes v. State*, 171 Tex.Cr.R. 298, 349 S.W.2d 598 (Tex.Cr.App.1961).

In the instant case appellant timely filed his motion for new trial on January 16, 1981. It was overruled by operation of law on February 5, 1981. Separate written notice of appeal was given on February 15, 1981, within ten days of the overruling of the motion for new trial by operation of law and was thus timely given.

The Court of Appeals viewed the motion for new trial as not being overruled by operation of law until March 24, 1981. Although no authority was cited, it appears that the court relied upon Article 40.05(c), V.A.C.C.P., as amended in 1981, which provides:

"In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date of sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period." Acts 1981, 67th Leg., p. 803, ch. 291, § 107, eff. Sept. 1, 1981.

Using this statute and substituting "judgment" for "sentence," it appears March 24, 1981 would be 75 days after judgment. The statute, however, was not in effect until September 1, 1981. The Court of Appeals was in error in finding that the motion for new trial was not overruled by operation of law until March 24, and that notice of appeal was prematurely given.

The county court opinion noted that *Gordon* was decided by this court subsequent to the adoption of Tex.Cr.App. Rule 211 (effective Sept. 1, 1981) (see Article 44.33, V.A.C.C.P.). This was true, but what was overlooked was that the court was dealing with an attempted notice of appeal given in a 1978 case, and not one given after the effective date of said Rule 211. See and cf. *De La Rosa v. State*, 414 S.W.2d 668 (Tex. Cr.App.1967).

Since the notice of appeal was timely given, and was not premature, the judgments of the Court of Appeals and the said County Court at Law No. 2 are reversed and the cause remanded to said county court so that the appeal may be heard and considered.[2]

---

1. Now see Acts 1983, 68th Leg., p. 4315, ch. 685, § 2, eff. Sept. 1, 1983).

2. This was an obvious test case that arose in the said county court without the question being raised by either party.