Leroy R. PANELLI, Appellant,

v.

STATE of Texas, Appellee.

No. 04–83–00569–CR.

Court of Appeals of Texas, San Antonio.

Jan. 16, 1985.

Joe Hernandez, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Lawrence A. Smith, Charles Estee, Criminal Dist. Atty., San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

Appeal is taken from a probation revocation. Appellant was convicted of driving while intoxicated in cause number 298,262 in the County Court at Law Number 2 of Bexar County on December 22, 1982. Imposition of sentence was suspended and appellant was placed on probation for two years. Among the conditions of probation was a requirement that appellant "commit no offense against the laws of this or any other State or the United States."

A motion to revoke probation was filed by the Bexar County District Attorney on April 27, 1983, alleging that appellant had violated probationary condition number 1 in that on or about the 5th day of March, 1983, appellant had operated a motor vehicle upon a public road while under the influence of intoxicating liquor in Live Oak County, Texas.

The revocation hearing was conducted on July 21, 1983 and the State's sole proof was in the form of stipulated evidence. The evidence consisted of a certified copy of an order entered by the County Court of Live Oak County on May 24, 1983, in cause number 7992 indicating that appellant had been granted deferred adjudication in a proceeding arising from a driving while intoxicated violation.

Solely upon the stipulated evidence the trial court revoked probation and sentenced appellant. Oral notice of appeal was given in open court.

On August 19, 1983, appellant filed both a motion for new trial and a written notice

of appeal. The motion for new trial was overruled on August 26, 1983. No new notice of appeal was given.

■ Appellant urges that the trial court abused its discretion in revoking probation solely upon the stipulated evidence introduced at the hearing. The State, in its brief, recognizes the validity of appellant's contention pointing out that an order granting deferred adjudication is not a final conviction such as will support an order revoking probation. *See Harris v. State,* 169 Tex.Cr.R. 71, 331 S.W.2d 941 (Tex.Crim. App.1960); *Prince v. State,* 503 S.W.2d 777 (Tex.Crim.App.1974).

■ The State also correctly recognizes that the order entered in cause number 7992 does not spell out when the offense forming the basis of the deferred adjudication was committed. Therefore, it is impossible to ascertain that the offense was committed subsequent to the granting of probation in cause number 298,262. The State thus admits that the trial court abused its discretion in revoking probation based upon the meager proof offered.

However, the State argues that this Court may not reach the merits of the appeal inasmuch as appellate jurisdiction of this Court never properly attached.

The State points out that both of the notices of appeal given by appellant were premature.

TEX.CODE CRIM.PROC.ANN. art. 44.-08 requires that notice of appeal be given within fifteen days after the defendant's motion for new trial is overruled or within fifteen days after sentencing.

TEX.CODE CRIM.PROC.ANN. art. 40.-05 provides that a motion for new trial may be filed prior to or within thirty days after sentence is imposed or suspended in open court.

■ Appellant's motion for new trial was filed within thirty days after sentence was imposed and was therefore timely filed. Since the written as well as the oral notice of appeal were given and filed prior to a ruling upon the motion for new trial,

the State argues, the notices were premature. *Gordon v. State,* 627 S.W.2d 708 (Tex.Crim.App.1982); *Richie v. State,* 598 S.W.2d 264 (Tex.Crim.App.1980); *Menasco v. State,* 503 S.W.2d 273 (Tex.Crim.App. 1973).

Following the enactment of the Texas Rules of Post-Trial and Appellate Procedure in criminal cases which became effective September 1, 1981, several courts of appeal have drawn upon TEX.R.CRIM. APP.P. 211 and TEX.R.CIV.P. 306c to construe a premature notice of appeal as being timely filed.

TEX.R.CRIM.APP.P. 211 provides:

Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases.

TEX.R.CIV.P. 306c provides:

[n]o notice of appeal ... shall be held ineffective because prematurely filed; and every such ... notice of appeal ... shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial, if such motion is filed.

■ We agree with the holdings of our brethren in *Johnson v. State,* 649 S.W.2d 153 (Tex.App.—Austin 1983, no pet.) and *Mayfield v. State,* 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981, no pet.) that a premature notice should be given the effect of timeliness so as to do a defendant justice in keeping with the spirit of the new post trial and appellate rules. *See also* concurring opinion of Miller, J. in *Ex parte Drewery,* 677 S.W.2d 533 (1984).

We recognize that the question of premature notices of appeal as affected by the new Rules of Post-Trial and Appellate Procedure has not been directly addressed by the Court of Criminal Appeals and that our holding is contrary to past precedents of that Court. Nevertheless we read TEX.R. CRIM.APP.P. 211 to apply where not inconsistent with the Code of Criminal Procedure and the rules of post-trial and appel-

late procedure and we find no conflict. We believe that rule 211 was intended to make appellate procedure uniform in the courts of appeal under their new expanded jurisdiction. When viewed from this perspective we are not persuaded that prior holdings of the Court of Criminal Appeals on the question now before us mandate continued application of reasoning rendered inappropriate by the very purpose of the rule.

We hold that the appeal is properly before us for review and in keeping with our expressed opinion on the merits of the appeal we reverse the judgment of the trial court and remand the cause. *Shaw v. State*, 622 S.W.2d 862 (Tex.Crim.App.1981); *Davenport v. State*, 574 S.W.2d 73 (Tex. Crim.App.1978).