Michael Blaine JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2-84-066-CR.

Court of Appeals of Texas, Fort Worth.

July 18, 1985.

Law Offices of Jack W. Beech, Jack W. Beech, and Alley & Alley, Richard Alley, (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty. and David K. Chapman, Asst. Dist. Atty., Fort Worth, for the State.

## OPINION

FENDER, Chief Justice.

Upon his plea of guilty and the presentation of evidence, Michael Blaine Johnson was placed on unadjudicated probation under TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(a) (Vernon Supp.1985) for three years. Subsequently a hearing was conducted as authorized by TEX.CODE CRIM.PROC.ANN. art. 42.12, Sec. 3d(b) (Vernon 1979). Probation was revoked, Johnson was pronounced guilty and his punishment fixed at three years. He now attempts to appeal from the adjudication hearing.

Appellant attempts to raise five grounds of error in his brief:

(1) No subsequent law violation was established at the adjudication hearing.

(2) That at a prior adjudication hearing certain allegations taken up at the second hearing were not sufficiently serious to warrant adjudication.

(3) Adjudication on the basis of being one day late in reporting is an abuse of discretion.

(4) Appellant was denied effective assistance of counsel at the adjudication hearing.

(5) The court generally abused its discretion by proceeding to adjudication on this record.

Article 42.12, sec. 3d(b) clearly states: "The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination....*" (Emphasis added).

This clearly and emphatically denies this Court any jurisdiction to entertain or consider an appeal from the adjudication hearing *on any grounds.* This Court must simply order the appeal dismissed (which by operation of law affirms the conviction).

By supplemental brief appellant undertakes to complain of the action of the trial court when this Court (in response to a motion by appellant) abated the appeal and returned the cause to the trial court for a hearing to make the record speak the truth. Although the supplemental record may have left a little to be desired in its completeness, we nevertheless find nothing even by implication which could breathe jurisdictional validity into any of the grounds of error submitted for our consideration.

By this we do not intend to encourage trial courts to arbitrarily disregard directives from this Court. Nor do we intend to rule out (*sub silentio*) such proceedings as contempt, mandamus, etc., to enforce our orders. We simply say that in this case a requirement of compliance (no matter the form) would not change the lack of jurisdiction.

The appeal is dismissed. The judgment of the trial court stands.

JOE SPURLOCK, II, J., dissents, ASHWORTH, J., joins.

JOE SPURLOCK, II, Justice, dissenting.

I respectfully dissent from the majority's decision to dismiss the appeal.

In August of 1981, appellant, Michael Blaine Johnson, waived trial by a jury and pled guilty to the charge of criminal mischief, causing damages in excess of $200, but less than $10,000. The trial court, pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3d (Vernon 1979), deferred adjudication of guilt and placed Johnson on probation for a period of three years. In March 1984, the State filed a first amended petition to proceed to adjudication. After a hearing the trial court revoked Johnson's probation, proceeded to adjudicate him guilty of the original charge and sentenced him to three years in the Texas Department of Corrections. Johnson appeals from this adjudication of guilt. We should affirm.

Johnson originally raised five grounds of error on appeal. In grounds of error one, two, three and five he challenges the trial court's actions in revoking his probation and proceeding to adjudication. Johnson's ground of error four contends that he was denied effective assistance of counsel. By way of a supplemental brief, he raised four grounds of error which challenged the trial court's refusal to supplement the record.

Johnson gave written notice of appeal on April 5, 1984, three days after his hearing on the State's first amended petition to proceed to adjudication. On April 27, 1984, he filed a designation of record on appeal. Then on April 30, 1984, Johnson filed a motion for new trial which was overruled by the trial court on the same day. On July 16, 1984, this court received and filed the transcript and statement of facts. On September 19, 1984, this court, pursuant to Johnson's motion to supplement the record, entered an order abating his appeal with directions to the trial court to conduct proceedings in accordance with the provisions of TEX.CODE CRIM.PROC.ANN. art. 40.-09, sec. 7 (Vernon Supp.1985), and to make such findings and/or orders as were necessary to make "the record speak the truth". The very next day, on September 20, 1984, the trial court refused to conduct any proceedings and held that Johnson's motion for leave to supplement the record should be denied and said:

> Other matters entertained in the Defendant's Motion for Leave to Supplement Record are immaterial and this Court finds that they are neither necessary nor would they be of any assistance to the Court of Appeals.

Johnson's original brief was then filed with this court.

The notice of appeal was given on April 5, 1984, and the designation of record on appeal was not given until more than 20 days later on April 27, 1984. The State argues that Johnson's designation of record was not timely filed pursuant to TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 2 (Vernon Supp.1985), and nothing is preserved for review.

Johnson filed a motion for new trial on April 30, 1984, which motion was overruled on the same date. Pursuant to TEX.R. CIV.P. 306c, as applied to criminal cases on appeal to this court through TEX.R.CRIM. APP.P. 211, Johnson's notice of appeal and his designation of record on appeal should be deemed to have been filed on the date of, but subsequent to the overruling of his motion for new trial. *See Ex parte Drewery*, 677 S.W.2d 533, 537 (Tex.Crim.App. 1984) (Miller, J., concurring), and *Favela v. State*, 668 S.W.2d 408 (Tex.Crim.App.1984). We should find that Johnson's designation of record on appeal was timely filed. *cf. Panelli v. State*, 685 S.W.2d 400 (Tex.App. —San Antonio 1985, no pet.) and *Penhaker v. State*, 689 S.W.2d 233 (Tex.App.--Houston [1st Dist.] 1985, no pet.).

Johnson's designation of record on appeal asked for:

1. The Indictment;
2. Copy of the docket sheet and all docket entries made by the Court;

3. Copy of the *State's Original Petition to Proceed to Adjudication* and the State's First Amended Petition to Proceed to Adjudication;

4. *All probation violation reports filed with the Court* by the Probation Department and filed under this cause number;

5. *A complete Statement of Facts of all proceedings which occurred in this cause including the complete transcription of all oral testimony presented during the original guilty plea on Aug. 6th, 1981, hearing on State's Motion to Proceed to Adjudication on Sept. 7th, 1983,* and hearing on State's First Amended Motion to Proceed to Adjudication on April 2nd, 1984. [Emphasis added.]

As a result of the trial court's refusal to supplement the record, the record before this court does not contain the State's original petition to proceed to adjudication, the probation violation reports or a statement of facts from the hearings held on August 6, 1981, and September 7, 1983. Of the above listed items, it is clearly error for the trial court to fail and refuse to include two mandatory items in the record. The pertinent part of TEX.CODE CRIM.PROC. ANN. art. 40.09, sec. 1 (Vernon Supp.1985), states:

In all cases appealable by law to the courts of appeals or the Court of Criminal Appeals, the clerk of the court that entered the judgment of conviction or order revoking probation sought to be appealed from shall, under his hand and seal of the court, make and prepare an appellate record comprising a true copy of the matter designated by the parties, but *shall always include, whether designated or not, copies of the material pleadings,* material docket entries made by the court, the court's charges, the jury's verdicts, the judgment or any order revoking probation, the motion or amended motion for new trial, the notice of appeal, any appeal bond, *copies of all exhibits on file,* other than physical exhibits or documents of unusually large bulk or weight, and all formal bills of exception. [Emphasis added.]

The above language is not permissive in nature and the failure to include such items is not a matter which can be waived. We should find it was mandatory that the State's original petition to proceed to adjudication and the probation violation reports be included in the record. *Durrough v. State,* 693 S.W.2d 404 (Tex.Crim.App.1985) (not yet reported). In addition, Johnson specifically requested these. This court should hold it was error for the trial court to refuse to supplement the record and include these items upon request.

All of Johnson's supplemental grounds of error complain of the trial court's refusal to include the statement of facts from the two prior hearings. In this respect, the burden was on Johnson to obtain a transcription of the court reporter's notes and furnish them to the clerk of the court or to proceed under the indigent provisions of TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 5 (Vernon Supp.1985). However, in refusing to supplement the record the trial court did not speak on whether or not a transcription was available. Assuming that the court reporter's notes even existed, as Johnson requested their transcription and inclusion in the record, I cannot understand the trial court's refusal to have them included. Under the facts of the present case, where Johnson requested supplementations, we should find that it was an abuse of discretion for the trial court to refuse to supplement the record. Johnson's supplemental grounds of error one, two, three and four should be sustained. However, we would still be constrained from finding that such failure is reversible error, because these actions did not in and of themselves prejudice the rights of the accused at the adjudication hearing. Under the peculiar facts of this case this error must be considered with his other grounds on appeal.

Johnson's primary grounds of error one, two, three and five contend that the trial court abused its discretion in revoking his

probation and proceeding to adjudication. These four grounds of error are without merit in that no appeal may be taken from a trial court's determination to proceed to an adjudication of guilt. TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(b) (Vernon 1979). Johnson's grounds of error one, two, three and five are therefore, not reviewable. *Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App.1983). The error found in the supplemental grounds of error would therefore be harmless and not cause for reversal, in relation to these grounds of error.

In his final ground of error, Johnson complains of ineffective assistance of counsel. The State contends this is not a proper subject for appeal in this case, and reluctantly we should agree.

An appellant may not appeal from an order deferring adjudication and placing him on probation. *See Richardson v. State,* 617 S.W.2d 267 (Tex.Crim.App.1981) and *McDougal v. State,* 610 S.W.2d 509 (Tex.Crim.App.1981). An appellant may not appeal from the trial court's determination to proceed to an adjudication of guilt. *See Contreras* 645 S.W.2d at 298. However, to what extent and what an appellant may appeal has been the subject of an ongoing controversy in the Court of Criminal Appeals. *See Duhart v. State,* 668 S.W.2d 384, 387 (Tex.Crim.App.1984); *Daniels v. State,* 615 S.W.2d 771, 774 (Tex. Crim.App.1981) (Teague, J., dissenting); and *McDougal,* 610 S.W.2d at 510 (Teague, J., concurring).

In *McDougal,* Justice Teague's concurring opinion suggested that, following an adjudication of guilt, an appellant should be able to appeal his conviction "just as in an ordinary appeal of a plea of guilty or nolo contendere case." *McDougal,* 610 S.W.2d at 511. Justice Teague's dissent in *Daniels,* urges that an order adjudicating an appellant's guilt must be supported by a preponderance of the evidence and that such an order should be appealable. *Daniels,* 615 S.W.2d 773–74. In *Duhart,* the Court of Criminal Appeals held that:

Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of "probation" and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity. *Duhart,* 668 S.W.2d at 387. Although there is no direct appeal from an order deferring adjudication and placing the defendant on probation, it appears that the defendant may collaterally attack such an order. In *Ex parte Shillings,* 641 S.W.2d 538, 540 (Tex.Crim.App.1982), the court was forced to delete an impermissible term from petitioner's terms of probation. *Ex parte Shillings,* 641 S.W.2d at 540. From these cases it can be seen that the law concerning exactly what is appealable under this State's deferred adjudication statute is undergoing constant change and reformation.

At his hearing, Johnson pled "true" to paragraphs one, two and four and "not true" to paragraph three of the petition to proceed to adjudication. The State presented absolutely no evidence to support any of the alleged violations. *See Benoit v. State,* 561 S.W.2d 810, 818–19 (Tex.Crim.App. 1977). Johnson took the stand and his testimony on direct and cross-examination was the only evidence presented at the hearing. At the end of the hearing, the trial court found paragraphs one, two and four to be true, found paragraph three to be not true and proceeded to revoke Johnson's probation, adjudicate him guilty and assessed punishment.

Johnson contends that he was denied the effective assistance of counsel at the hearing. The question we should decide is as he may not appeal the trial court's decision to proceed to adjudication, may he nevertheless appeal ineffective assistance of counsel that may have contributed to or aided the court's ruling adversely to Johnson? He argues that his counsel failed to advance a viable defense to paragraph one of the State's petition. *See Ex parte Ybar-*

*ra,* 629 S.W.2d 943, 946 (Tex.Crim.App. 1982) and *Ex parte Duffy,* 607 S.W.2d 507, 517 (Tex.Crim.App.1980). He complains that counsel failed to object to paragraph two of the State's petition which stated violations that had been contained in a prior petition to proceed to adjudication. *See Rogers v. State,* 640 S.W.2d 248, 251 (Tex. Crim.App.1981); *Rains v. State,* 678 S.W.2d 308, 310 (Tex.App.—Fort Worth 1984, no pet.); and *Flores v. State,* 576 S.W.2d 632, 634 (Tex.Crim.App.1979). Johnson argues that counsel allowed him to improvidently enter pleas of true to paragraphs one, two and four of the State's petition. *See Ex parte Gallegos,* 511 S.W.2d 510, 513 (Tex.Crim.App.1974). Finally, Johnson complains of his trial counsel's incompetence in regards to paragraph three of the State's petition. It is unfortunate, however, that this court has no authority to consider the merits of his argument.

It appears that Johnson was absolutely entitled to the assistance of counsel at the hearing on April 2, 1984. *Thompson v. State,* 626 S.W.2d 750, 753 (Tex.Crim.App. 1981). *See Fuller v. State,* 653 S.W.2d 65 (Tex.App.—Tyler 1983, no pet.) It follows that Johnson should be entitled to the effective assistance of counsel at such a hearing, otherwise, such a right would be a hollow one. *See Ex parte Acosta,* 672 S.W.2d 470 (Tex.Crim.App.1984); *Ruedas v. State,* 586 S.W.2d 520 (Tex.Crim.App. 1979); and *Reed v. State,* 477 S.W.2d 904 (Tex.Crim.App.1972). Following the revocation of *regular probation,* a defendant not only has the right to complain of ineffective assistance of counsel at the probation revocation hearing, but the same complaint may be made as to the original hearing on guilt/innocence. *Glaze v. State,* 675 S.W.2d 768 (Tex.Crim.App.1984). The Court of Criminal Appeals in *McNew v. State,* 608 S.W.2d 166, 172–73 (Tex.Crim. App.1978), seems to indicate that a defendant has the same right in a deferred adjudication case.

It is clear that a defendant can ordinarily challenge his denial of effective assistance of counsel in two ways; by direct appeal or by a collateral attack pursuant to TEX. CODE CRIM.PROC.ANN. art. 11.07 (Vernon Supp.1985). This case is on a direct appeal. However, it has consistently been held that "no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge." *Contreras,* 645 S.W.2d at 298. Although it is incongruous to state that a defendant has a right to the effective assistance of counsel, but he has no right to directly appeal a hearing at which he claims he was denied the same, such is the state of the law dictated by the legislature and the holding in *Contreras.* It appears, therefore, that any review of Johnson's ground of error four, under the current interpretation of art. 42.12, sec. 3d(b), is meaningless.

This court should sustain all of Johnson's supplemental grounds of error, and find those grounds of error to be reviewable regardless of this court's inability to review his grounds of error one through five, as the supplemental grounds were directed to events occurring after the adjudication of guilt and sentence by the court. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(b) (Vernon 1979) which states in part:

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

However these supplemental grounds of error are harmless, but because they should have been sustained, this court is unable to dismiss the present appeal, and should instead affirm the conviction.

Johnson's conviction should be affirmed, instead of the appeal being dismissed.

ASHWORTH, J., joined.