**Leroy R. PANELLI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 148–85.**

Court of Criminal Appeals of Texas, En Banc.

May 14, 1986.

Ramiro Estrada, Jr., Joe L. Hernandez, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. and Lawrence A. Smith and Charles Estee, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

CLINTON, Judge.

We are presented in this case with the precise question addressed but not decided in *Ex parte Drewery*, 677 S.W.2d 533 (Tex. Cr.App.1984). Following the revocation of

---

his probation appellant herein filed both a motion for new trial and written notice of appeal on the same day. The motion for new trial was overruled one week later. No new notice of appeal was given. The San Antonio Court of Appeals held that the premature notice of appeal was effective, and proceeded to address the merits of appellant's appeal. *Panelli v. State*, 685 S.W.2d 400 (Tex.App.—San Antonio 1985). We granted the State's petition to review the court of appeals' holding that appellant's notice of appeal, though premature, gave that court jurisdiction to decide the appeal.[1]

In holding the premature notice of appeal effective the court of appeals followed the holdings of two other courts of appeals, *Johnson v. State*, 649 S.W.2d 153 (Tex. App.—Austin 1983, no pet.); *Mayfield v. State*, 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981, no pet.), and the reasoning of Judge Miller's concurring opinion in *Ex parte Drewery*, 677 S.W.2d 533, 537 (Tex. Cr.App.1984). Judge Miller reasoned that the result in a case such as that before us now would be dictated by the Texas Rules of Post-Trial and Appellate Procedure that went into effect on September 1, 1981. He cited Rule 211, which states:

"Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases."

Proceeding to those Rules of Civil Procedure, we find Rule 306c, which states:

"No ... notice of appeal ... shall be held ineffective because prematurely filed; but every such ... notice of appeal ...

shall be deemed to have been filed on the date of but subsequent to ... the overruling of motion for new trial, if such a motion is filed."

The court of appeals held that there was no conflict between the latter rule and anything in the Code of Criminal Procedure, so that the civil rule therefore controlled, rendering the premature notice of appeal effective. *Panelli*, supra, at 402–403.

The State contends, on the other hand, that the civil rule is in conflict with Art. 44.08(b), V.A.C.C.P., and that 44.08(b) therefore controls the disposition of this appeal.[2] That article states:

"Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial ..."

It is the State's contention that this provision renders premature and ineffective any notice of appeal given prior to the overruling of a motion for new trial. The State relies on *Gordon v. State*, 627 S.W.2d 708 (Tex.Cr.App.1982) and *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.App.1973), which were controlling before the Texas Rules of Post-Trial and Appellate Procedure went into effect in 1981. At the time of those decisions Art. 44.08 was also worded differently than it is now. The applicable provisions at that time read:

"(b) In cases where the death penalty has been assessed or in probation cases where imposition of sentence is suspended, such notice [of appeal] shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict.

These rules, however, do not go into effect until September 1, 1986, and so cannot form the basis of our decision today.

---

1. We note that this question will be answered explicitly by the new Texas Rules of Appellate Procedure. Rule 41(c) states:

   "No appeal bond or affidavit in lieu thereof, *notice of appeal,* or notice of limitation of appeal shall be held ineffective because prematurely filed ... In criminal cases, every such instrument shall be deemed to have been filed on the date of but subsequent to the imposition or suspension of sentence in open court or the signing of appealable order by the trial judge ..." [Emphasis added]

2. Art. 44.08, *inter alia,* will be repealed as of the date the new Rules of Appellate Procedure go into effect, September 1, 1986. See n. 1, *ante.* These Rules are not to be confused, one hopes, with the Texas Rules of Post-Trial and Appellate Procedure, cited above, that went into effect September 1, 1981.

(c) In all other cases such notice shall be given or filed within ten days after sentence is pronounced."

*Gordon* dealt with a case in which the defendant was sentenced twice, first prematurely and secondly after a motion for new trial was overruled. No notice of appeal was given after the second sentencing and so *Gordon* held, under 44.08(c), that the appeal must be dismissed because there had been no notice of appeal within ten days after sentence was properly pronounced. In *Menasco*, cited in *Gordon*, defendant had received a probated sentence and so relied upon then Art. 44.08(b), touching cases in which either a death sentence or a probated sentence had been assessed. Neither of those cases is dispositive of the issue before us. When those cases were decided Art. 44.08 had no specific provision for a defendant who was sentenced to a term of years in confinement and then filed a motion for new trial. Art. 44.08(c) required only that notice of appeal be given within ten days after sentence was pronounced.

We find no conflict between Art. 44.08(b) as it stands today and Rule 306c of the Rules of Civil Procedure. Even assuming appellant's notice of appeal was premature under a strict reading of Art. 44.08(b),[3] Rule 306c states that notice of appeal will be effective even *if* given prematurely. Appellant's notice of appeal was therefore effective to confer jurisdiction on the court of appeals. This interpretation of the applicable provisions effectuates the clear intent behind Rule 211, supra, that the criminal and civil rules of appellate procedure be reconciled wherever possible. We find further support in the article preceding 44.08, which says, "The right of appeal, as otherwise provided by law, shall in no wise be abridged by any provision of this Chapter." Art. 44.07, V.A.C.C.P. This clear guideline

would certainly be violated by denying appellant an appeal in spite of the fact that his notice of appeal would be given effect by a different provision of law.

We therefore hold that appellant's notice of appeal, though premature, was effective. The court of appeals was correct in addressing the merits of his appeal.

The judgment of the court of appeals is affirmed.

ONION, P.J., concurs in result.

TEAGUE, Judge, concurring.

Perhaps to others, the legal phrase "Notice of Appeal" means nothing. However, to me, it has a great deal of meaning.

But for the fact that this Court expressly states in footnote 3 of the opinion the following, "[W]e are reviewing today only the holding of the court of appeals that the notice was effective even *though* premature," I would be compelled to only dissent.

I write only because the majority opinion leaves me with the impression that Rule 306c of the Texas Rules of Civil Procedure, as well as future Rule 41(c) of the Texas Rules of Appellate Procedure, which is poorly drafted, are save-all types of rules, when it comes to giving notice of appeal prematurely. Rule 306c is most certainly not, as many civil cases, too numerous to cite or discuss, demonstrate. Rule 306c will not be of any assistance to any defendant who either individually or through counsel gives oral notice of appeal prematurely, for the simple reason that by its very terms the rule is limited to a written notice of appeal. In this instance, the appellant gave written notice of appeal, albeit done prematurely. Thus, Rule 306c is applicable.

Where the defendant desires to appeal his conviction, I highly recommend to

---

3. Art. 44.08(b) could be read as establishing only a deadline for filing notice of appeal, not as both opening and closing an interval during which such notice must be filed. That is, arguably the rule of 44.08(b) is that notice must be given after sentencing and before the sixteenth day after the overruling of motion for new trial, in which case appellant's notice would have been timely. However, the court of appeals assumed appellant's notice was premature, and we are reviewing today only the holding of the court of appeals that the notice was effective even *though* premature.

counsel or the defendant himself to always give timely and proper notice of appeal and not rely upon some rule exception. View future Rule 41(c) with caution because it is not very carefully worded, which is understandable because that rule, like all of the other appellate rules, was never subjected to public scrutiny. The first sentence of Rule 41(c), read literally, provides that a defendant who appears for arraignment and then and there gives either oral or written notice of appeal, and is subsequently convicted, will have timely and properly given notice of appeal.

In this instance, if the record only reflected the giving of oral notice of appeal, even in light of this Court's majority opinion of *King v. State*, 687 S.W.2d 762 (Tex. Cr.App.1985), in which this Court expressly approved the giving of late notice of appeal—even after the judgment of this Court had become final—I would hold that the oral notice of appeal was neither timely nor properly given, and would vote to enter an order for the San Antonio Court of Appeals to dismiss the appellant's appeal. However, the appellant is saved by the fact that his attorney at one point in time filed a written notice of appeal, although done prematurely.