Reversed and Remanded and Memorandum Opinion filed July 12, 2007








Reversed and Remanded and Memorandum Opinion filed July 12,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00767-CR

____________

 

ROEL GARCIA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the Country
Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 5480

 



 

M E M O R A N D U M   O P I N I O N

Appellant Roel Garcia, Jr. appeals his conviction for
attempted criminal trespass.  We reverse and remand.  








On January 19, 2006, appellant was convicted in City of Houston Municipal Court No.
1 for attempted criminal trespass and assessed a fine of $250.  Appellant
thereafter sought to perfect an appeal pursuant to Texas Government Code
section 30.00014 by filing a motion for new trial, which the municipal court denied
on February 13, 2006, and subsequently filing a notice of appeal to County
Criminal Court at Law No. 4 on February 22, 2006.  See Tex. Gov=t Code Ann. ' 30.00014(a), (c), (d) (Vernon Supp.
2006).  On August 7, 2006, the county court affirmed the municipal court=s judgment, determining sua sponte
that appellant waived his issues on appeal because he untimely filed his motion
for new trial on February 10, over ten days after the municipal court rendered
judgment.  See id. ' 30.00014(c) (ATo perfect an appeal, the appellant
must file a written motion for new trial with the municipal clerk not later
than the 10th day after the date on which judgment is rendered.@).  The court observed that, although
the certificate of service attached to the motion indicated appellant served
the city attorney with a copy of the motion on January 30, which was the proper
deadline for filing,[1] the clerk=s date stamp on the motion indicated
he did not file the motion until February 10.  Appellant then timely appealed
the county court=s decision to this court.  See id. ' 30.00027(a) (Vernon 2004). 

            The parties
have agreed in briefing to this court that appellant in fact timely filed his
motion for new trial in the municipal court, and documentation from the deputy
clerk of the municipal court supports this.  For example, a ACorrection Letter@ from the deputy clerk of the
municipal court dated August 17, 2006Cten days after the county court
issued its opinionCstates that appellant filed his motion on January 30, that
the February 10 date stamp was a clerical error, and that the clerk has re-stamped
appellant=s motion with January 30 as the filing date.  With this correspondence is
a copy of appellant=s motion with file stamps bearing the deputy clerk=s signature that are retroactively
dated January 30.  This copy further contains handwritten notations stating
that January 30 is the correct filing date, that February 10 is an incorrect
filing date, and that the motion was therefore timely filed. 








We
therefore conclude the county court relied on an erroneous date in holding 
appellant untimely filed his motion for new trial.  We accordingly reverse and
remand to the county court to consider the merits of appellant=s case.  See Tex. R. App. P. 43.6 (providing that
courts of appeals may Amake any other appropriate order that the law and the nature
of the case require@); Favela v. State, 668 S.W.2d 408, 410 (Tex. Crim.
App. 1984) (holding county court at law erred in dismissing appellant=s appeal after finding, based on
inapplicable statute, that appellant prematurely filed notice of appeal from
municipal court and remanding case to county court to consider merits of
appeal); cf. Breshears v. Johnson, No. 13‑04‑396‑CV,
2005 WL 1039784, at *1 (Tex. App.CCorpus Christi May 5, 2005, no pet.)
(mem. op.) (reversing and remanding trial court=s dismissal of appellant=s suit under Rule 43.6 where parties
agreed trial court improperly dismissed suit).[2]


 

 

 

 

/s/        Leslie B. Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed July 12, 2007.

Panel consists of Justices Yates,
Anderson, and Hudson.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Because January 29, the tenth day after the
municipal court rendered judgment, fell on a Sunday, the proper deadline for
filing the motion for new trial extended to January 30.





[2]  We acknowledge the Government Code limits our record
and briefs on appeal in this context to that presented to the county court,
and, thus, the parties= briefs to this court, correction letter, and
correctly dated motion do not fall within our Arecord@ as defined in the Code.  See Tex. Gov=t Code Ann. ' 30.00027(b)(1) (A[T]he
record and briefs on appeal in [the county court at law] constitute the record
and briefs on appeal to the court of appeals unless the rules of the court of
criminal appeals provide otherwise@). 
However, that section further provides that the Code of Criminal Procedure
provisions Arelating to direct appeals from a county or a district
court to the court of appeals@ otherwise
apply to these appeals.  See id.  Code of Criminal Procedure article
44.02 and Rule of Appellate Procedure 25.2 generally govern a criminal
defendant=s appeal to this court.  See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 2006); Tex. R. App. P. 25.2(a)(2)
(AA defendant in a criminal case has the right of appeal
under Code of Criminal Procedure article 44.02 and these rules.@); see also Tex.
R. App. P. 1.1, 3.1(b).  Therefore, under the circumstances, we invoke
our authority under Rule of Appellate Procedure 43.6 in considering these
documents and remanding to the county court and emphasize that our holding is
limited to the unusual facts of this case.