**Roy MAYFIELD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–381–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 17, 1981.

René Rodriguez, Corpus Christi, for appellant.

Mike Westergren, County·Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellant is before the Court on a motion for leave to file a late notice of appeal under Tex.Code Crim.Pro.Ann., art. 44.-08(e), 1981 Tex.Sess.Law Serv. Ch. 291, § 127 (Vernon).

According to the motion, appellant was sentenced on September 23, 1981. On the same day he gave oral notice of appeal. On October 5, 1981, the 12th day after sentencing, appellant filed a motion for new trial. That motion was overruled on October 16, 1981. On November 13, 1981, 28 days after the motion for new trial was overruled, appellant filed a written notice of appeal in the trial court. This second notice of appeal was late. There being no good cause shown for its being late it is ineffective to perfect the appeal.

Where there has been a prematurely filed notice of appeal in civil cases, Rule 306c, T.R.C.P. provides:

> "No ... notice of appeal ... shall be held ineffective because prematurely filed; and every such ... notice of appeal ... shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial if such motion is filed."

The purpose of this rule is such that a party who appeals will not be denied his appeal because of the technical reason that he filed his notice prematurely.

Rule 211, Tex.Crim.App.Rules (1981) provides that:

> "Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases."

The purpose of this rule as we see it is to make as many Rules of Civil Procedure consistent with the Rules of Criminal Procedure so that the attorneys who practice both civil and criminal law will be guided as nearly as possible by the same rules.

Tex.Code Crim.Pro.Ann. art. 44.08(b), 1981 Tex.Sess.Law Serv. Ch. 291, § 127 (Vernon), provides that when a motion for new trial is filed, notice of appeal shall be given within fifteen days after the overruling of that motion. We find neither this article nor any other provision of the Code of Criminal Procedure or the Texas Criminal Appellate Rules to be inconsistent with Rule 306c, T.R.C.P. We therefore hold that when an appellant gives notice of appeal prematurely the same shall be deemed to have been filed on the date of, but subsequent to the date of the overruling of the motion for new trial, if such a motion is filed. This is consistent with the Rules of Civil Procedure and will permit an appellant who fully intended to appeal the right to appeal without being held accountable to a "technicality." Although the appellant failed to state good cause under the Tex. Code Crim.Pro.Ann., art. 44.08(e), he, nevertheless, has given effective notice of appeal in his prematurely given notice.