**Ex parte Charles Ray DREWERY.**

**No. 69225.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

Charles Ray Drewery, pro se.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Steve McCarthy, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

CAMPBELL, Judge.

This is a post conviction writ of habeas corpus. See Art. 11.07, V.A.C.C.P.

The question presented is whether the trial court was divested of jurisdiction to grant a motion for new trial once notice of appeal was filed by the applicant herein. We answer in the negative and we grant relief.

Applicant alleges that the trial court acted without lawful authority in rescinding its order granting his motion for a new trial. The State argues that the original motion for new trial was void inasmuch as it was granted after applicant had filed notice of appeal.

On November 3, 1982 applicant was tried for aggravated robbery in Cause No. 362,-829. The jury convicted of the lesser included offense of aggravated assault and applicant, having two prior felony convictions, was sentenced to life imprisonment. Applicant filed notice of appeal. On November 16, 1982 applicant filed a pro se motion for new trial. On January 12, 1983 the trial court granted a new trial. Applicant then successfully moved to dismiss his appeal.

Between November 16, 1982 and January 12, 1983, applicant pled guilty to the offense of attempted capital murder in Cause No. 354,693, a crime arising out of the same transaction as that in Cause No. 362,-829. Thus, once the trial court granted applicant's motion for new trial, applicant was left in the position of having one final conviction, that being in Cause No. 354,693.

Subsequently, the State attempted to retry applicant for the aggravated assault. On March 22, 1983 applicant filed a pre-trial writ of habeas corpus attempting to foreclose retrial on Cause No. 362,829.

Relief was denied by the trial court and appeal was filed with the Fourteenth Court of Appeals on May 5, 1983. On May 9, 1983, the trial court, on motion of the State, rescinded its original order granting the motion for new trial in Cause No. 362,-829, holding that it was without jurisdiction five months earlier to grant it in view of the prior filing of notice of appeal. The trial court further held that since applicant had withdrawn his appeal in Cause No. 362,829, said conviction was now a final conviction. Accordingly, the Fourteenth

Court of Appeals denied applicant's pre-trial writ. This Art. 11.07 writ of habeas corpus, challenging the conviction in Cause No. 362,829, followed.

Applicant argues that the filing of notice of appeal does not divest the trial court of jurisdiction to hear and rule upon an otherwise timely filed motion for new trial. He contends that a notice of appeal which is filed prior to the overruling of a motion for new trial is prematurely filed and cites Art. 44.08 and Art. 44.11, V.A.C.C.P., and cases dating back to 1966.

The State alleges that the 1981 amendments to the Code of Criminal Procedure vitiated all of the past precedents of this Court and that the 1981 amendments were intended to limit the trial court's "quasi-appellate" jurisdiction. Thus, the State argues that the filing of notice of appeal divests the trial court of jurisdiction, said jurisdiction only being restored upon applicant withdrawing his original appeal. With this we cannot agree.

The State's position would render meaningless Art. 44.11, supra, as well as conflict with what we perceive to be the legislative intent to simplify criminal appellate procedure, vis-a-vis motions for new trial and notice of appeal.

Prior to 1981, a motion for new trial had to be filed *prior* to sentence being imposed and the notice of appeal filed *after* sentence was imposed. See Art. 40.09 and Art. 44.08, V.A.C.C.P. pre-amendment. In 1981 the Courts of Civil Appeals obtained primary jurisdiction over criminal appeals and the amendments at issue followed.

As the Code is presently written, a sentence and judgment are joined and the appellate procedure time limits for motions for new trial and notices of appeal begin running as of the date of judgment and sentence. See 13 St. Mary's Journal, at 223. Finally, unchanged, except for deletion of Art. 40.09, supra, by the 1981 amendments, was Art. 44.11, supra, which provides for jurisdiction in the trial court until such time as the appellate record is filed with the Court of Appeals, Art. 44.11, supra. See *Duncan v. Evans*, 653 S.W.2d 38 (Tex.Cr.App.1983).

Criminal appeals are governed by Chapter 44 of the Code of Criminal Procedure. Art. 44.01, V.A.C.C.P., et seq. Art. 44.02, supra, specifically provides for the right of appeal from a criminal conviction.[1] Art. 44.08, supra, provides for the procedures for perfecting an appeal to properly invoke the jurisdiction of the courts of appeals.[2] Finally, Art. 44.11, supra, specifies that *upon the filing of the record* in the Court of Appeals or this Court, all further proceedings are arrested until mandate is received by the district court.[3] We note that nowhere in Chapter 44 is there any reference to terminating the trial court's jurisdiction upon the *filing* of notice of appeal.

Motions for new trial are governed by Art. 40.01, V.A.C.C.P., et seq. Art. 40.05, V.A.C.C.P., provides that a motion for new trial shall be filed prior to or within 30 days after the date of sentencing.[4] As dis-

---

**1.** Art. 44.02 in pertinent part provides that "a defendant in any criminal action has the right of appeal under the rules hereinafter proscribed."

**2.** Art. 44.08(b) proscribes the time limit for filing notice of appeal, to wit: "[W]ithin 15 days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing."

**3.** Art. 44.11 in pertinent part provides:
"Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial court."

**4.** Art. 40.05 provides in pertinent part:
"(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the sentence is imposed or suspended in open court.
"....
"(c) In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date the sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period."

cussed *ante* at pg. 3, prior to the 1981 amendment, sentence was not imposed until the motion for new trial was overruled.[5] Art. 40.08, supra, provides that the effect of the granting of a motion for new trial is to place the cause in the *same position as if no trial had ever taken place.* Nowhere in Art. 40.01 et seq. is the trial judge authorized to rescind the granting of a motion for new trial.

This Court has long held that a trial court cannot rescind an order granting a new trial absent clerical errors; nor can it grant a motion for new trial once the time limits have expired. See *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980) and the cases cited therein; *Ex parte Ybarra,* 629 S.W.2d 943 (Tex.Cr.App.1982).

■■■ This Court has repeatedly held that a notice of appeal which was filed prior to the overruling of a motion for new trial was untimely or prematurely filed and as such was ineffective. *Gordon v. State,* 627 S.W.2d 708 (Tex.Cr.App.1982); *Menasco v. State,* 503 S.W.2d 273 (Tex.Cr.App. 1973). We find no authority, nor does the State cite us to any authority, for the proposition that the filing of notice of appeal divests the trial court of any further jurisdiction to act upon an otherwise timely motion for new trial. What is clear is that this Court has found that once the appellate record is filed in the court of appeals, *then* the trial court loses jurisdiction to rule upon a motion for new trial. *Ex Parte Johnson,* 652 S.W.2d 401 (Tex.Cr.App. 1983). Several courts of appeals have found that a notice of appeal filed prior to the overruling of motion for new trial is prematurely filed. *Johnson v. State,* 649 S.W.2d 153. (Tex.App.—Austin, 1983); *Mayfield v. State,* 627 S.W.2d 474 (Tex.

App.13th 1981, no pet.); *Mosqueda v. State,* 646 S.W.2d 589 (Tex.App.—Corpus Christi 1983).[6]

■■■ The State relies on this Court's holding in *Hanner v. State,* 572 S.W.2d 702 (Tex.Cr.App.1978). In *Hanner,* supra this Court held that the trial court could not consider an amended motion for new trial *after* the overruling of a motion for new trial and subsequent filing of a notice of appeal. *Hanner,* supra, does not stand for the principle that once notice of appeal is filed the trial court cannot rule upon a motion for new trial. It does stand for the proposition that one cannot amend a motion that has been previously overruled. Art. 40.05(b), V.A.C.C.P. specifically provides that a motion for new trial may be amended without leave of court at anytime prior to the overruling of said motion. The State's reliance is misplaced.

■■■ The State finally advances the argument that the legislature intended to limit and sharply define the procedure for appealing a criminal conviction. The State argues that the legislature intended that a defendant file his motion for new trial and then proceed with notice of appeal. While this is clearly the preferred way to proceed, we do not read Arts. 40.01 et seq. and 44.01 et seq. as creating a jurisdictional barrier. A defendant has 30 days from the date of judgment and sentence in which to file a motion for new trial. Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial *and if* there be no motion or amended motion for new trial, *then* within 15 days after sentencing. Thus a defendant has 15 days to decide whether he will forego an appeal altogether or whether to proceed on appeal without a motion for

---

5. Old Art. 40.05 provided for the filing of a motion for new trial within 10 days of conviction and provided for amendment, by leave of court any time before it was acted upon. Since sentence was not imposed until the expiration of this 10 day period, clearly any notice of appeal would be ineffective since there would be no sentence from which to appeal. See old Art. 44.08, V.A.C.C.P. as well.

6. In *Johnson, Mayfield, Mosqueda,* the respective Courts of Appeals further held, in accordance with civil rules of appellate procedure that a prematurely filed notice of appeal would be deemed filed as of the date of the overruling of motion for new trial. This is contrary to past precedents of this Court requiring refiling of notice of appeal. However, since this issue is not before the court we express no opinion as to the validity of these holdings.

new trial. Many criminal defense attorneys will give oral notice of appeal in court to "cover" themselves should a motion for new trial not be deemed necessary. Clearly, it would defeat the intent of the legislature if a defendant lost his right to appeal if upon the expiration of 16 days from sentencing it was determined that no motion for new trial was necessary but no notice of appeal had been given. It is apparent to us that the legislature intended that there be some overlap in these time limits in order to give the defendant some time to properly plan his actions. We see no reason to interpret the Code of Criminal Procedure so as to encourage frivolous motions for new trial.

With the foregoing in mind we conclude that the trial court had jurisdiction in January, 1983 to grant applicant's motion for new trial. Having granted applicant's motion for new trial the court was without authority to rescind said order in May, 1983. Accordingly, applicant's writ of habeas corpus is hereby granted and applicant is ordered remanded to the custody of the Sheriff of Harris County to answer the indictment in Cause No. 362,829.

MILLER, Judge, concurring.

Although I agree with the majority's ultimate holding that the trial court improperly rescinded its order granting applicant's motion for new trial, I am disturbed by the following language in the majority's opinion:

"This Court has repeatedly held that a notice of appeal which was filed prior to the overruling of a motion for new trial was untimely or prematurely filed and as such was ineffective...."[6]

is not before the court we express no opinion as to the validity of these holdings." Slip opinion, p. 536.

While the majority recognizes that the issue is not properly before the Court and is not necessary to the resolution of this cause, by its language the majority implies that "the past precedents of this Court" on this issue are still applicable.

Although it has been held that notice of appeal is untimely if filed before the disposition of a motion for new trial by action of the court or by operation of law, *Gordon v. State*, 627 S.W.2d 708 (Tex.Cr.App.1982), citing *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.App.1973); these holdings preceded the enactment of the Texas Rules of Post-Trial and Appellate Procedure in criminal cases which went into effect on September 1, 1981. Specifically, Tex.Cr.App.R. 211 provides

"Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases."

The importance of Rule 211 to the disposition of this issue becomes obvious when one considers Tex.R.Civ.P.Ann. 306(c)(1977), which states:

"[n]o notice of appeal ... shall be held ineffective because prematurely filed; and every such ... notice of appeal ... shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial, if such motion is filed."

The question then is, under the mandate of Tex.Cr.App.R. 211, whether Tex.R.Civ.P. Ann. 306(c) is consistent with the Code of Criminal Procedure and with the Texas Rules of Post-Trial and Appellate Procedure in criminal cases.

This question has twice been answered in the affirmative by Texas Courts of Appeals.[1] In *Johnson v. State*, 649 S.W.2d

---

"6 In *Johnson, Mayfield, Mosqueda,* the respective Courts of Appeals further held, in accordance with civil rules of appellate procedure that a prematurely filed notice of appeal would be deemed filed as of the date of the overruling of motion for new trial. This is contrary to past precedents of this Court requiring refiling of notice of appeal. However, since this issue

1. Contrary to the majority's statement in fn. 6, *Mosqueda v. State,* 646 S.W.2d 589 (Tex.App.— Houston [1st Dist.] 1983), followed the old rule

and held that the premature filing of the notice of appeal was ineffective and failed to invoke the jurisdiction of the appellate court.

153 (Tex.App.—Austin 1983), the Austin court, speaking of Rule 306(c), said, "The purpose of this rule is such that a party who appeals will not lose his appeal because he filed his notice prematurely. The purpose of Tex.Cr.App.R. 211 is to make the criminal and civil practice as consistent as possible." The court went on to find no inconsistency between Tex.R.Civ.P.Ann. 306(c) and Art. 44.08(b), V.A.C.C.P.

In *Mayfield v. State*, 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981), the Corpus Christi Court of Appeals, speaking of Tex.Cr.App.R. 211, stated:

> "The purpose of this rule is such that a party who appeals will not be denied his appeal because of the technical reason that he filed his notice prematurely.
>
> "Rule 211, Tex.Cr.App. Rules (1981) provides that:
>
> > 'Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases.'
>
> "The purpose of this rule as we see it is to make as many Rules of Civil Procedure consistent with the Rules of Criminal Procedure so that the attorneys who practice both civil and criminal law will be guided as nearly as possible by the same rules."

The court went on to find that Tex.R.Civ.P. Ann. 306(c) was consistent with Art. 44.-08(b), V.A.C.C.P.

The holding and the analysis of the Courts of Appeals in *Johnson,* supra, and *Mayfield,* supra, that when an applicant in a criminal case gives notice of appeal prematurely, the notice of appeal should be governed by Tex.R.Civ.P.Ann. 306(c), is sound and deserves due consideration. With that statement and recognizing that the issue is not directly before us, I concur in the judgment of the majority.