844

**Charles L. STARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0130–CR.**

Court of Appeals of Texas,
Amarillo.

June 15, 1999.

Sheila R. Randolph, Fort Worth, for appellant.

Tarrant County District Attorney's Office, Tim Curry, Charles M. Mallin, Donald J. Piller, James Evans, Fort Worth, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

PHIL JOHNSON, Justice.

From a plea of guilty, Charles L. Starks, appellant, was convicted of unauthorized use of a motor vehicle. The trial court deferred adjudication of guilt and placed appellant on five years probation. Thereafter, the State filed a petition to proceed to adjudication alleging violation of probation conditions. Appellant pled true to one of the alleged violations, whereupon the trial court found the allegation true and adjudicated appellant guilty. After a punishment hearing, the trial court assessed punishment at ten years confinement. By his sole point of error, appellant contends that the trial court erred in denying appellant an opportunity to file an amended motion for new trial. We affirm.

In the instant case, sentence was imposed on January 16, 1998. Appellant timely filed a motion for new trial on February 3, 1998. The trial court denied the motion that same day. On February 13, 1998, appellant filed a motion for leave to file an amended motion for new trial which the court denied on March 5, 1998. The court concluded that it had lost jurisdiction over the case under Rule 21.4(b) of the Texas Rules of Appellate Procedure.

Appellant asserts under his single point of error that the trial court erred in denying him the opportunity to file an amended motion for new trial. As noted by the State, appellant essentially raises two arguments under this point. First, appellant contends that Rule 21.4(b) allows a defendant to amend a timely filed motion for new trial without leave of court before the trial court denies the motion, and that the trial court has discretion to grant leave to amend after the original motion is denied. Second, appellant contends that the law has changed with regard to a trial court's jurisdiction over motions for new trial pursuant to *Awadelkariem v. State,* 974 S.W.2d 721 (Tex.Crim.App.1998). Under either situation, it is appellant's position that the trial court incorrectly applied Rule 21.4(b) of the Texas Rules of Appellate Procedure.

Texas Rule of Appellate Procedure 21 is entitled NEW TRIALS IN CRIMINAL CASES. Rule 21.4 is entitled "Time to File and Amend Motion." The provisions of Rule 21.4(b) provide time periods for amending a motion for new trial:

(b) *To Amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but be-

fore the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

Prior to current Rule 21.4, the subject matter of the time for filing and amendment of motions for new trials in criminal matters was governed by former Rule 31(a)(2)and prior to Rule 31(a)(2), by article 40.05 of the Texas Code of Criminal Procedure. In *Ex Parte Drewery*, 677 S.W.2d 533 (Tex.Crim.App.1984), the Court of Criminal Appeals specifically addressed the language of article 40.05 [1] which was entitled "Time to apply for new trial; amendment", and which provided for amendment of a motion for new trial. The *Drewery* court was addressing an argument by the State that the trial court had lost jurisdiction to grant an amended motion for new trial because a notice of appeal was filed prior to the ruling on the amended motion and the notice of appeal caused the trial court to lose jurisdiction. *Id. at* 536. The State urged that *Hanner v. State*, 572 S.W.2d 702 (Tex.Crim.App. 1978) stood for the principle that a notice of appeal filed prior to an amendment to a motion for new trial, but after the overruling of the original motion for new trial, deprived the trial court of jurisdiction to consider the amended motion. The *Drewery* court noted that the language of article 40.05 in effect at the time of *Hanner* provided for the filing of a motion for new trial within 10 days of conviction and provided for amendment by leave of court any time before it was acted upon. *Id.* The *Drewery* court called the State's reliance on *Hanner* misplaced, because:

"*Hanner, supra,* does not stand for the principle that once notice of appeal is filed the trial court cannot rule upon a

motion for new trial. *It does stand for the proposition that one cannot amend a motion that has been previously overruled.* Art. 40.05(b), V.A.C.C.P. [currently] specifically provides that a motion for new trial may be amended without leave of court at anytime prior to the overruling of said motion." *Drewery*, 677 S.W.2d at 536. (emphasis added).

The wording of article 40.05(b) which was addressed by the *Drewery* court contained substantially the same language as the language addressed in *Hanner* in regard to limiting amendment of a motion for new trial once a prior motion had been overrruled. Article 40.05(b) addressed by *Drewery* at that time provided:

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the sentence is imposed or suspended in open court.[2]

*Drewery's* interpretation of *Hanner* and the procedural language then governing amendments of motions for new trials was and is clear: the trial court could not allow amendment of a motion for new trial that had been overruled. We adhere to *Drewery's* interpretation of what we perceive to be substantially the same language as now appears in Rule 21.4(b). Appellant could not amend his motion for new trial that had been previously overruled. *Ex Parte Drewery*, 677 S.W.2d at 536. Accordingly, we overrule appellant's point of error to the extent he asserts that Rule 21.4(b) gives the trial court authority to grant leave to file an amended motion for new trial after the preceding motion has been denied.[3]

---

1. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 107, 1981 Tex. Gen. Laws 761, 803–04, repealed by Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472–73.

2. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 107, 1981 Tex. Gen. Laws 761, 803–04.

3. The Court of Criminal Appeals has recognized the desirability of harmonizing the criminal and civil law where possible. *See, e.g., Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). At least one Texas court has rejected an argument that the "without leave of court" language in Rule 329b(b) of the Texas Rules of Civil Procedure implied that a motion for new trial could be filed later than 30 days after the judgment

Appellant also asserts that under *Awadelkariem*, the trial court had authority to grant leave to amend the motion for new trial and that the trial court erred in concluding that it had no authority to grant leave to amend.

In *Awadelkariem*, the Court rejected *Matthews v. State*, 40 Tex.Crim. 316, 50 S.W. 368 (1899) and its progeny to the extent that those cases prohibited a trial court from *rescinding* an order granting or denying a motion for new trial within 75 days from the imposition of sentence in open court. *Awadelkariem*, 974 S.W.2d at 728. *Awadelkariem* harmonized the plenary power of trial courts over their judgments in criminal matters with their plenary power over judgments in civil matters to the extent that until the criminal judgment of the trial court becomes final, the trial court has power to rescind its order granting or denying a motion for new trial. *Id.* The trial court's plenary power to rescind its order granting or denying a new trial exists during the 75 day period following the imposition or suspension of sentence in open court. Rule 21.8; *Awadelkariem*, 974 S.W.2d at 728. *Awadelkariem* did not, however, address the provisions of Rule 21.4 which deal with the time to file and amend a motion for new trial, nor with the power of a trial court to grant either a motion to amend or a motion for leave to amend which was filed after the preceding motion for new trial was overruled. We overrule appellant's first point of error to the extent he contends that *Awadelkariem* authorizes a trial court to grant leave to amend a motion for new trial which has been previously overruled.

In conclusion, we disagree with appellant's assertion that Rule 21.4(b) of the Texas Rules of Appellate Procedure authorizes the trial court to grant leave to file an amended motion for new trial after the court has ruled on the original motion. The language of Rule 21.4(b) is clear as to

the time in which a motion for new trial may be amended. The amendment(s) must be filed within 30 days from imposition of or suspension of sentence in open court, but the time for filing an amended motion may end earlier than the 30–day period if the court overrules a motion or amended motion prior to the lapse of the 30 day period. The overruling of a preceding motion or amendment terminates the time during which amendments are allowed. *See Ex Parte Drewery*, 677 S.W.2d at 536. Additionally, we conclude that *Awadelkariem* does not interpret Rule 21.4(b) to allow amendment of a motion for new trial after the trial court has overruled a preceding motion or amended motion.

Accordingly, the trial court in the matter before us did not err in denying appellant's motion for leave to file an amended motion for new trial after the court previously overruled the original motion for new trial. Appellant's point of error is overruled. The judgment of the trial court is affirmed.

---

**was signed with leave of court.** *See Kalteyer v. Sneed*, 837 S.W.2d 848, 850 (Tex.App.—Austin 1992, no writ). Though worded somewhat differently, we note that Rule 329b(b) and Rule 21.4(b) are similar.