

In The

# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00359-CR
_____

DESHAUN MEDLOCK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2013-446-C2; Honorable Matt Johnson, Presiding

November 9, 2015

# ORDER

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a not guilty plea, Appellant, Deshaun Medlock, was convicted by a jury of aggravated robbery,[1] a first degree felony, and sentenced to sixty years confinement. Pending before this court are three motions: (1) *Joint Motion for Substitution of Counsel*, (2) *Motion for Stay of Appellate Proceedings and Relinquishment of Jurisdiction to Trial Court for Consideration of Renewed Motion for New Trial*, and (3) *Appellant's Amended*

---

[1] TEX. PENAL CODE ANN. § 29.03 (West 2011)

*Motion for Extension of Time to File Initial Brief.*[2]  For the reasons expressed herein, Appellant's first and third motions are granted but his request for a stay of appellate proceedings to have the trial court consider a "renewed" motion for new trial is denied.

*JOINT MOTION FOR SUBSTITUTION OF COUNSEL*

Patrick Owen Brady was appointed by the trial court on August 3, 2015, to pursue an appeal on behalf of Appellant.  Robert L. Sirianni, Jr. of the law firm of Brownstone, P.A., has now been retained by Appellant to represent him on appeal. According to Appellant's motion, he has knowledge of, and has consented to, the substitution.  Additionally, the joint motion is signed by both counsel.

An attorney wishing to withdraw from representation of a party is required to file a motion to withdraw.  *See* TEX. R. APP. P. 6.5.  The purpose of Rule 6.5 is to insure that a party not be unwittingly left unrepresented before an appellate court.  When new counsel is being substituted, Rule 6.5(d) governs the procedure for withdrawal of the previous counsel.  The Rule contemplates that the attorney of record file a motion in this court seeking to withdraw before substitution of new counsel may be permitted.  The Rule provides that, if a new attorney is substituting for the withdrawing attorney, the motion to withdraw must state "the substitute attorney's name, mailing address, telephone number, fax number, if any, and State of Texas identification number."  The withdrawing attorney must then accomplish notice to an appellant in the manner described by Rule 6.5(b).

---

[2] Five days after filing *Appellant's Motion for Extension of Time to File Initial Brief*, the amended motion was filed reducing the request from forty-five days to thirty days and adding that opposing counsel had no objection to a thirty-day extension.

Mr. Brady has not formally sought to withdraw from representing Appellant in this appeal. Therefore, the motion to substitute is deficient. However, because Mr. Brady has signed the joint motion and the motion provides that Appellant has consented to the substitution, we apply Rule 2 of the Texas Rules of Appellate Procedure and dispense with the requirement that Mr. Brady file a formal motion to withdraw. *See Lewis v. State*, No. 07-15-00061-CR, 2015 Tex. App. LEXIS 2539, at *3 (Tex. App.—Amarillo March 13, 2015, order).

By order of the court, Appellant's *Joint Motion for Substitution of Counsel* is granted.

> MOTION FOR STAY OF APPELLATE PROCEEDINGS AND RELINQUISHMENT OF JURISDICTION TO TRIAL COURT FOR CONSIDERATION OF RENEWED MOTION FOR NEW TRIAL

Appellant seeks to stay appellate proceedings and have this court relinquish jurisdiction to file a "renewed" motion for new trial in the circuit court [sic] based on new evidence—a "critical witness." Accompanying the motion for stay is a copy of *Defendant's Motion for New Trial* supported by an affidavit from the "critical witness," Appellant's cousin, in which he avers he, not Appellant, committed the crime.[3]

A motion for new trial in a criminal case is due to be filed in the trial court no later than thirty days after sentence is imposed or suspended in open court. TEX. R. APP. P. 21.4(a). Appellant's sentence was imposed on July 30, 2015. Appellant's motion for

---

[3] According to the new witness's affidavit, he called Appellant shortly after committing the crime to come to his house where he showed him the money he had stolen. Appellant does not suggest that his newly discovered evidence was unknown to him at the time of trial. *See Ex parte Calderon*, 309 S.W.3d 64, 70 (Tex. Crim. App. 2010).

new trial was due to be filed on or before Monday, August 31, 2015.[4]  Appellant was represented by counsel during the time period for filing a motion for new trial; however, no motion for new trial was filed.

A trial court cannot grant a motion for new trial once the time limits have expired. *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987) (citing *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984)).  The right to file a motion for new trial is purely statutory and must be pursued in the manner prescribed by statute.  *Drew*, 743 S.W.2d at 223.  In *Drew*, the motion for new trial was filed seventy-one days late and the trial court had no jurisdiction to entertain the motion.  *Id.* at 222.

Appellant asks this court to stay appellate proceedings and relinquish its jurisdiction so that he may file his motion for new trial and supporting affidavit at a future date.  Assuming, *arguendo*, that this court granted Appellant relief to file his motion for new trial, because the time limits have expired, the trial court would err in considering it. Accordingly, Appellant's motion for stay of appellate proceedings and relinquishment of jurisdiction is denied.

*APPELLANT'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE INITIAL BRIEF*

Pursuant to Rule 38.6(d) of the Texas Rules of Appellate Procedure, this court may modify the time for filing a brief if a motion complying with Rule 10.5(b) is filed. Rule 10.5(b) requires an extension motion to provide the filing deadline, the length of

---

[4] The thirtieth day fell on a Saturday, extending the deadline to the following Monday.  TEX. R. CIV. P. 4.

4

the extension sought, a reasonable explanation for the extension, and the number of previous extensions granted.

Appellant has provided the necessary information. The initial brief was due November 5, 2015, and Appellant requests an extension to December 7, 2015. He notes that opposing counsel has no objection to the extension request.

By order of the court, Appellant's amended motion for an extension of time to file his brief is granted to Monday, December 7, 2015.

It is so ordered.

Per Curiam

Do not publish.