

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0234-20

---

### CHRISTOPHER MICHAEL RUBIO, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

---

YEARY, J., delivered the opinion of the Court in which RICHARDSON, NEWELL, WALKER, SLAUGHTER and MCCLURE, JJ., joined. KELLER, P.J., filed a dissenting opinion in which HERVEY and KEEL, JJ., joined.

### O P I N I O N

What happens when a defendant timely files a motion for new trial, the trial court overrules that motion, and then the defendant tries to file an amended motion, all within the same 30-day window of time within which motions for new trial are permitted to be filed? Is a trial court vested with discretion to grant leave of court permitting a defendant to file an amended motion for new trial even *after* the trial court has overruled an initial

motion for new trial? We conclude that the trial court does have that discretion. We therefore reverse the judgment of the court of appeals.

## I.     BACKGROUND

On July 11, 2018, Christopher Michael Rubio, Appellant, was convicted by a jury of the capital murder of the mother of his children and her new boyfriend. Because the State had not sought the death penalty, Appellant was automatically sentenced to life imprisonment without the possibility of parole. On the same day the verdict was rendered, and the sentence was pronounced, Appellant filed a general form motion for new trial, challenging the verdict as contrary to the law and the evidence. The motion was filed for the purpose of giving the court reporter more time to file the record with the court of appeals. The trial court promptly overruled it.

Exactly thirty days later, on August 10, 2018, Appellant, represented by new counsel, filed a motion for leave to file an amended motion for new trial along with an amended motion for new trial. The latter motion alleged new grounds upon which Appellant sought a new trial. He also filed eleven additional exhibits in support of his amended motion. The State objected, arguing that the amended motion was untimely and that the trial court should take no action on it. Nevertheless, seventy-two days after the sentence was pronounced, the trial court conducted a hearing on the amended motion, telling Appellant, "Well, I'm going to let you present your motion because you have done all this work." At the hearing, the State again objected that the amended motion was untimely. The State's objection was overruled, and the trial court heard evidence on the motion. Following the hearing, the trial court denied the amended motion on the merits.

On appeal, Appellant argued, among other things, that his trial counsel had afforded constitutionally ineffective assistance of counsel. In order to determine what arguments and evidence could be considered as part of the record on appeal to resolve this claim, the court of appeals examined whether Appellant's amended motion for new trial was timely. *Rubio v. State*, 596 S.W.3d 410, 418–19 (Tex. App.—Dallas 2020). The court of appeals concluded that, because Appellant's amended motion for new trial was filed after the trial court denied his timely filed initial motion for new trial, and the State objected to the amended motion, the amended motion was untimely. *Id.* at 422.

The court of appeals observed that Appellant did not file a motion asking the trial court to rescind its order denying the original motion for new trial. The court of appeals also concluded that the trial court did not *sua sponte* rescind, nor even "impliedly" rescind, its original order. *Id.* at 421–22. As a result, the court of appeals resolved the ineffective assistance of counsel issue by reference only to the trial record, refusing to consider the arguments and documents supporting Appellant's amended motion for new trial or any of the evidence presented at the hearing on the amended motion. *Id.* at 422. We granted Appellant's petition for discretionary review to determine whether this decision was in error.

In his petition for discretionary review, Appellant argues that the court of appeals should have considered the record from the amended motion for new trial hearing. Appellant contends that a trial court may consider an amended motion for new trial if a defendant obtains leave of court to file an amendment—even after the trial judge has denied an initial motion for new trial—so long as his motion for leave to file and his amended

motion for new trial is filed within the 30-day time period contemplated by Rule 21.4(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21.4(b) ("Time to File and Amend Motion [for New Trial]"). In contrast, the State argues that Rule 21.4(b) plainly and categorically *prohibits* the filing of any amended motion for new trial once the trial court has overruled an initial motion for new trial, even if the amended motion for new trial is filed within the 30-day time period. We granted Appellant's petition for discretionary review, at least in part, to resolve this dispute. And because our resolution of this dispute resolves the case, we need not address the various other arguments from the parties.[1]

## II.    APPLICABLE LAW

The issue we address here relates to the proper construction of Texas Rule of Appellate Procedure Rule 21.4(b). In its entirety, Rule 21.4 states:

(a) *To file*. The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

(b) *To Amend*. Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any

---

[1] Appellant also argues that the trial court has the power to vacate, modify, or amend its rulings within the period of its plenary jurisdiction, and that the trial court's last ruling on a motion for new trial during this period should therefore stand. Further, Appellant argues that the trial judge's actions constituted a de facto rescission of her earlier ruling on the form motion for new trial, giving her the opportunity to rule on the merits of the amended motion for new trial— apparently at any time during the duration of her plenary jurisdiction. Finally, Appellant argues that policy justifications, such as judicial efficiency, favor considering all arguments and evidence before the court of appeals. The State responds that, even assuming a defendant may file an amended motion for new trial so long as the trial court rescinds its ruling on an initial motion for new trial, the rescission must be in writing, or at least be explicit; and that, at any rate, the trial court did not rescind its order here by any standard. Further, the State argues that policy arguments do not justify disregarding the dictates of Rule 21.4(b). Because we conclude that the trial court may grant a defendant leave to file an amended motion for new trial that is filed within the thirty-day period regardless of whether it has rescinded its ruling on an initial motion for new trial, we need not address these alternative arguments.

> preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

TEX. R. APP. P. 21.4.

It is undisputed that, under Subsection (a) of Rule 21.4, a motion for new trial must be filed within thirty days from the date of the judgment and sentence. *Id.*; *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984). And "the effect of the granting of a motion for new trial is to place the cause in the *same position as if no trial had ever taken place.*" *Drewery*, 677 S.W.2d at 536. This Court has also decided that a trial court may freely rescind an order granting or denying a motion for new trial. *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). In *Awadelkariem*, the Court held that a trial court must do so within the seventy-five-day period of plenary jurisdiction, and that after the expiration of the seventy-five-day period, the order would become final. *Id.* Upon reconsideration, however, we later concluded that there is no time limit on a trial court's power to rescind the granting of a new trial. *Kirk v. State*, 454 S.W.3d 511, 514–15 (Tex. Crim. App. 2015).

Subsection (b) of Rule 21.4 governs the timing of any amendments to an original motion for new trial. In *Moore v. State*, decided in 2007, the Court concluded that a defendant may not file an amended motion for new trial *after* the 30-day time limit, even with leave of court. 225 S.W.3d 556, 558 (Tex. Crim. App. 2007). However, the Court also concluded that, if the State does not object, a trial court does not err to rule on an untimely amendment. *Id.* The Court explained that the State, as opponent of an untimely amendment, must object or it "can forfeit its otherwise-peremptory right by inaction." *Id.* at 569. But

*Moore* did not answer the question we have before us now: What happens when a defendant files a motion for new trial, the motion is overruled, and the defendant then files a motion for leave of court to file an amended motion for new trial along with the amended motion for new trial itself—all within the 30-day time period? We have yet to address this exact scenario.

A few courts of appeals have addressed it. The Seventh Court of Appeals concluded that, once a motion for new trial has been overruled, a defendant may no longer amend his motion, even with leave of court. *Starks v. State*, 995 S.W.2d 844, 845 (Tex. App.—Amarillo 1999, no pet.) (citing *Drewery*, 677 S.W.2d at 536). The *Starks* court stated:

> The language of Rule 21.4(b) is clear as to the time in which a motion for new trial may be amended. The amendment(s) must be filed within 30 days from imposition of or suspension of sentence in open court, but the time for filing an amended motion may end earlier than the 30–day period if the court overrules a motion or amended motion prior to the lapse of the 30 day period. The overruling of a preceding motion or amendment terminates the time during which amendments are allowed.

*Id.* at 846. In keeping with the Seventh Court's construction of the rule, the State now argues that, once a trial court has overruled an original motion for new trial, a defendant simply may not file an amended motion, even with leave of court.[2]

---

[2] Other unpublished opinions cited by the court of appeals in this case agree with this conclusion. *Castillo-Diaz v. State*, No. 05-17-00644-CR, 2018 WL 5291979, at *3 (Tex. App.—Dallas Oct. 25, 2018, no pet.) (mem. op., not designated for publication) ("Although appellant timely filed a motion for new trial, once the trial court denied his timely-filed motion, he could no longer file an amended motion for new trial."); *Earl v. State*, No. 05-99-00237-CR, 2000 WL 566961, at *7 (Tex. App.—Dallas Apr. 28, 2000, pet. ref'd) (not designated for publication) ("The overruling of a preceding motion for new trial terminates the time during which amendments are allowed. . . . Because appellant's original motion for new trial had been overruled by the time appellant sought leave to file an amended motion, the time for amending the motion had expired and the trial court had no discretion to grant appellant leave to file an amended motion."); *Else v. State*, No. 05-99-00238-CV, 2000 WL 566962, at *7 (Tex. App.—Dallas Apr. 28, 2000, pet. ref'd)

## III.   ANALYSIS

It is helpful to begin our analysis by examining the recent history of the rule before us.[3] Current Rule 21.4(b) had its origin in the Code of Criminal Procedure. As of 1981, Article 40.05 of the Code of Criminal Procedure provided that:

> (b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the sentence is imposed or suspended in open court.

In 1985, the Legislature authorized this Court to create rules of procedure. TEX. GOV'T CODE § 22.108.[4] Accordingly, in 1986, this Court promulgated Rule 31 of the Texas Rules of Appellate Procedure, re-numbering and changing the relevant part of former Article 40.05 to read:

> (a)(2) *To Amend*. Before a motion or an amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after date sentence is imposed or suspended in open court.

---

(not designated for publication) (same); *Silguero v. State*, No. 13-01-860-CR, 2005 WL 3214849, at *3 (Tex. App.—Corpus Christi-Edinburg Nov. 30, 2005, pet. ref'd) (mem. op., not designated for publication) ("A defendant may file an amended motion for new trial without leave of the court only if the amended motion is both timely and filed before the court overrules any preceding motion for new trial. The overruling of a preceding motion or amendment terminates the time during which amendments are allowed."); *Springstun v. State*, No. 14-98-01455-CR, 2001 WL 491204, at *1 (Tex. App.—Houston [14th Dist.] May 10, 2001, no pet.) (not designated for publication) ("the trial court had no discretion to grant leave to amend an overruled motion for new trial.").

[3] This statute/rule has been revised many times over the years, beginning with its formation in 1857. *See Moore*, 225 S.W.3d at 558–65. The current opinion focuses on more recent revisions to the rule as they pertain more directly to our analysis in the present case.

[4] "The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." TEX. GOV'T CODE § 22.108(a).

In 1997, Rule 31 was re-numbered as Rule 21.4, and subsection (a)(2) became what is presently subsection (b), which now provides:

> (b) *To Amend*. Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

TEX. R. APP. P. 21.4(b).

Article 40.05(b) clearly permitted a defendant to amend an initial motion for new trial so long as he did so either within thirty days of the statute's triggering event (when sentence is imposed or suspended in open court) or before the trial court overruled his initial motion, whichever event came first. And so long as he filed his amended motion within that timeframe, he did not need to seek leave of court to do so. Left unanswered by Article 40.05(b)—at least in any direct way—was whether, if the trial court overruled his initial motion for new trial within the thirty-day period, and the defendant sought and obtained leave of court to amend the initial motion for new trial before the thirty day period runs out, the trial court could allow him to do so. Article 40.05(b) simply did not explicitly address that scenario. On its face, it did not definitively indicate whether a defendant, *with* leave of court, could amend his initial motion for new trial within the thirty-day time limit even though the trial court had already overruled his initial motion for new trial.

Rule 31(a)(2) appeared to grant some discretion to the trial court in deciding whether to grant leave of court to a defendant to file an amended motion for new trial. And the increase in trial court discretion has become clearer with the 1997 renumbering of, and amendments to, the rule. The question presented then is: Does the fact that currently

applicable Rule 21.4(b) says a defendant may file an amended motion for new trial prior to the overruling of an original motion for new trial "without leave of court" mean that if a defendant *does* obtain leave of court, then he *may* file an amended motion even *after* the overruling of the prior motion, at least if done within the 30-day time period?

The language of Rule 21.4(b) itself explicitly grants a defendant authority to file an amended motion for new trial. It appears to also afford an implied authority to a trial court to grant leave of court to a defendant to file an amended motion for new trial, even after the trial court has overruled a preceding motion, at least as long as it is done within the 30-day time period. It states that a defendant may file an amended motion for new trial "without leave of court" prior to the overruling of an initial motion for new trial.

Rule 21.4(b) does not explicitly preclude a defendant from obtaining leave of court to file an amended motion for new trial *after* the overruling of an initial motion. As a result, we conclude that it is consistent with the language of the rule to understand it to permit a defendant to file an amended motion, even after a prior motion has been overruled, as long as he obtains leave of court to do so, and at least as long as he does so within the original 30-day time period.[5] Understanding the rule to afford discretion to a trial court to grant leave to a defendant to file an amended motion for new trial within the 30-day time period

---

[5] The court of appeals in *Starks v. State* found Rule 21.4(b) to be clear; however, we disagree with its ultimate conclusion. There, the court of appeals concluded that the time for filing an amended motion for new trial could end earlier than the 30-day time period for filing motions for new trial if the trial court overruled a motion or amended motion prior to the end of this period. We agree only to the extent that if a defendant does not obtain leave of court, he may not file an amended motion; however, today we hold that a defendant may file an amended motion for new trial even *after* the trial court overrules a previous motion, so long as the trial court grants leave of court to do so.

is also consistent with our recent opinions, such as *Awadelkariem* and *Kirk*, where the trend has been to recognize a trial court's discretionary authority to rule on motions for new trial.

But what about the fact that the Court has already decided, in *Moore v. State*, that the inclusion of the language "without leave of court" did not imply any authority in the trial court to grant leave to file an amendment filed later than 30 days after sentencing in open court? *See Moore*, 225 S.W.3d at 558. We see a clear distinction between granting leave to file an amended motion within the 30-day time period after sentencing versus granting leave to file it *after* the 30 days. Subsection (a) of Rule 21.4 absolutely and explicitly prohibits a defendant from filing a motion for new trial beyond 30 days after sentencing. TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). There is no similarly explicit limitation on his ability to file an amended motion for new trial, so long as he obtains leave of court, and at least as long as he does so *within* the 30-day period for filing a motion for new trial.

Having construed Rule 21.4(b) mistakenly to categorically prohibit an amended motion for new trial once the trial court has overruled an initial motion for new trial, the court of appeals opinion found it necessary to address whether a rescission of that initial ruling could revitalize a defendant's ability to file an amended motion for new trial, with or without leave of court. *Rubio*, 596 S.W.3d at 420–22. But the way we read the rule today renders any inquiry about rescission moot. So long as the trial court grants the defendant leave to file an amended motion for new trial, it does not matter whether the trial court has formally rescinded its previous order. Although an explicit rescission could be some

evidence that the trial court granted leave to file an amendment, it is not necessary. By granting leave to file, the trial court makes it clear to all parties that it will allow amendment and make an independent ruling on that amended motion.

The State encourages us to consider the similarly worded civil rule for motions for new trial, Texas Rule of Civil Procedure 329b(b).[6] The State contends that in *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008), the Texas Supreme Court "determined that an amended motion is not timely if it is filed after a preceding motion for new trial has already been overruled." State's Brief at 19. But we perceive important distinctions.

First, while the language of Rule of Appellate Procedure 21.4(b) and Rule of Civil Procedure 329b(b) is indeed similar, they are not the same.[7] *Compare* FN. 6 with FN. 7, herein. They appear in distinct rule compilations. The civil rule, 329b(b), is surrounded by other, different rules—with no similar counterparts found anywhere in the Rules of

---

[6] Rule 329b(b) provides:

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

TEX. R. CIV. P. 329b(b).

[7] Rule 21.4(b) provides:

(b) *To Amend*. Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

TEX. R. APP. P. 21.4(b).

Appellate Procedure—that work together with Rule 329b(b) and influence how the whole system of new trial motions works in civil cases.[8] As a result of these distinctions, there is no real risk of confusion by interpreting Rule 21.4(b) differently than Rule 329b(b).

Second, and perhaps more importantly, in spite of its conclusion that the amended motion for new trial filed in *Brookshire* was not timely, the Supreme Court did not conclude that a trial court does not still have discretion to entertain an amended motion for new trial after it overrules a previously filed motion. Quite the opposite. *Brookshire* repeatedly confirmed that a trial court *may* consider a motion for new trial filed after an initial motion is overruled.[9] It merely concluded that, for purposes of making a motion for new trial filing "timely"—so as to extend the period of the trial court's plenary power to act under Rule 329b(e) (which requires a motion for new trial to be "timely" before it will work to extend the plenary power of the court), the filing must be made before the trial court overrules a

---

[8] In a civil case, for example, a trial court ordinarily "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment [only] until thirty days after all such timely-filed motions are overruled[.]" TEX. R. CIV. P. 329b(e). In a criminal case, however, the Rules of Appellate Procedure grant a trial court discretion to consider a new trial motion at least for up to "75 days from the date when the court imposes or suspends sentence in open court." TEX. R. APP. P. 21.6.

[9] *Brookshire*, 250 S.W.3d at 71 n.8 ("As the rule is drafted, *a party has the right*, within thirty days of judgment, to revise its motion before the court rules; afterwards, the trial court retains discretion either to consider a late motion or not, but may act only during its period of plenary power.") (emphasis added); and at 72 ("*Our holding today does not preclude* a party whose motion for new trial has been overruled from continuing to seek a new trial while the trial court is still empowered to act. Pursuant to rule 329b(e), the trial court retains plenary power for thirty days after overruling a motion for new trial; thus, the losing party may ask the trial court to reconsider it order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting new trial within its period of plenary power.") (emphasis added).

prior motion.[10] We perceive an important distinction between the timeliness question, which was at issue in *Brookshire*, and a trial court's discretion to grant leave of court to file an amended motion within the time otherwise permitted by the rules.

Recall that *Brookshire* was a mandamus case, not a direct appeal case like this one. It addressed whether a court of appeals properly granted mandamus relief by ordering a trial court to vacate an order granting a late filed (under the Supreme Court's construction of Rules 329b(b) & (e)) motion for new trial. *Brookshire*, 250 S.W.3d at 68. Even though the Supreme Court concluded that Rule 329b(b) requires a motion for new trial to be filed before a prior motion for new trial is overruled to be considered "timely" pursuant to Rule 329b(e), its decision to grant mandamus relief was premised on one of the very rules that differentiate new trial motions in civil and criminal cases: Rule 329b(e). That Rule provides that a trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment [only] until thirty days after all such timely-filed motions are overruled[.]" TEX. R. CIV. P. 329b(e).

The Supreme Court described the issue it undertook to resolve in *Brookshire* as "whether a motion for new trial filed within thirty days of judgment, but after a prior motion for new trial has been overruled, is 'timely' *for purposes of extending plenary power under Rule 329b(e).*" *Brookshire*, 250 S.W.3d at 69 (emphasis added). Plenary power to act, the Court decided, was only extended—pursuant to Rule 329b(e)—to cover the period of time

---

[10] *Id*. at 71 ("[A]n amended motion for new trial filed after the trial court has ruled on a prior motion is not 'timely' for purposes of extending the trial court's plenary power under Rule 329b(e), even if leave of court is obtained and its is filed within thirty days.").

when the trial court acted in that case if Brookshire's second motion for new trial was "timely" filed. The Court there decided that a motion for new trial was not "timely" if it came only after a trial court had already ruled on a previously filed motion for new trial. *See Brookshire*, 250 S.W.3d at 71. ("[A]n amended motion for new trial filed after the court has ruled on a prior motion is not 'timely' for purposes of extending the trial court's plenary power under Rule 329b(e), *even if* leave of court is obtained and it is filed within thirty days of judgment."). According to the Court, then, "[i]f . . . the only 'timely filed' motion—as governed by Rule 329b(e)—was Brookshire's first motion for new trial, the trial court's plenary power expired . . . thirty days after the court overruled that motion." *Id*. at 69.

Unlike Rule of Civil Procedure 329b(e), the Rules of Appellate Procedure relating to new trials in criminal cases do not limit the plenary power of a trial court to act on a timely filed motion for new trial to 30 days after a previously filed motion has been overruled. *See* TEX. R. APP. P. 21.1–.9. In *Awadelkariem*, this Court said that, if a trial court issues an order *granting* a motion for new trial, it still has the authority to change its mind about that ruling until the expiration of 75 days from imposition or suspension of sentence.[11] Even though we have since decided that a trial court is not limited to 75 days, at least with regard to its discretion to reverse a prior decision *granting* a new trial,[12] and

---

[11] 974 S.W.2d at 728 ("The appellate rules give a trial court 75 days after judgment is imposed or suspended in open court to rule upon a motion for new trial.").

[12] *Kirk*, 454 S.W.3d at 514 ("Although the rule clearly requires a trial court to either grant or deny a motion for new trial within a specific time period, it says nothing explicitly about how long a trial court would have, after granting such a motion, to withdraw or set aside its ruling granting a new trial.")

even though *Awadelkeriem* factually involved a trial court's authority to rescind an order granting a new trial, not its authority to rescind an order denying a new trial, we are aware of no authority suggesting that a trial court may not also change its mind about *denying* a motion for new trial, at least right up until the expiration of the 75-day time period.[13] And, at least one pair of commentators has suggested that the authority of a trial court to change its mind within the 75-day period includes the authority to change its mind about an order *denying* a new trial. *See* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 50:20 (3d ed. 2011), at 652 ("Although *Awadelkariem* delt with rescinding an order granting a motion for new trial, there is no reason to believe it would not also apply to an order denying a motion for new trial, thus enabling the trial court to reconsider such an order within the same 75-day period.").[14]

We recognize that, in *Brookshire*, the Supreme Court seemed to permit a party in a civil case to continue to seek to have a trial court reconsider its ruling on an initial motion for new trial throughout the *entire period* of its plenary power, and that, while a trial court's

---

[13] Indeed, in *Awaldelkariem*, even though the Court was factually addressing a trial court's authority to recind an order granting, not denying, a motion for new trial, the Court declared, "[w]e hold that an order granting *or denying* a motion for new trial may be freely rescinded so long as such action occurs within the 75 days provided by the rules[.]" 974 S.W.2d at 728 (emphasis added). *See also Moore*, 225 S.W.3d at 569 ("[T]he trial court's authority to rule on a motion for new trial extends to the seventy-fifth day (so long as a timely original motion for new trial is filed on or before the thirtieth day) after sentence is imposed or suspended in open court.").

[14] The commentators also observed that Judge Meyers authored a side opinion in *Awaldelkariem* expressing his view that "a court's jurisdiction may, before the expiration of the 75 days, be severed by the filing of an appeal of one of the parties. Tex.R.App. Proc. 26.2 (defendant has 90 days to appeal; State has 15 days to perfect appeal)." 974 S.W.2d at 729 (Meyers, J., concurring). Because the parties have not addressed any potential effect relating to the timing of the notice of appeal in this case, we need not address that issue at this time.

plenary power in a criminal case ordinarily extends to 75 days, this Court decided in *Moore* that an amended motion for new trial could not be filed after thirty days. Still, we are persuaded that Rule 21.4(b) ordinarily permits a trial court to grant leave to file an amended motion for new trial, and at least potentially change its mind about a decision denying a previously filed motion for new trial, for at least up to 30 days from the date when the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(b) & 21.6. Having so concluded, we reject any contention that our decision today places our jurisprudence into any even-potential conflict with the jurisprudence of the Texas Supreme Court relating to motions for new trials.

There are civil rules (located in the Rules of Civil Procedure) that guide the pursuit of motions for new trials in civil cases, and there are criminal rules (located in the Rules of Appellate Procedure) that guide the pursuit of motions for new trial in criminal cases. The language of these different sets of rules is different, and the proper construction of the different rules requires recognizing distinctions. And, while we agree in principle that, when possible, the civil and criminal rules should be harmonized, we perceive no difficulty going forward, as a result of our decision in this case, to harmonize our civil and criminal rules when appropriate.

Again, the question here is not, as it was in *Brookshire*, whether the second motion for new trial was "timely" such that, as a matter of rule construction, its filing would extend the plenary power of the trial court to act. It is instead whether Rule 21.4(b) affords discretion to the trial court to grant leave to file an amended motion (whether timely or not), before the expiration of 30 days from the date of sentencing or suspension of sentence

in open court, and to then entertain that motion at some point before its judicial authority act on that motion expires. We conclude that, if an original motion for new trial is overruled, a defendant may file an amended motion for new trial within the original 30-day period—so long as the trial court grants him leave of court to do so.

There are no formal requirements for the trial court to follow when granting leave. It is enough that the record reveals that a motion for leave to file, and an amended motion for new trial, were filed within the 30-day time period, allowing the trial court to decide whether to grant leave. Beyond that, it only matters whether the record reflects in some form that the trial court eventually, within the time for it to act on motions for new trial, manifested its decision to grant that motion for leave, either implicitly, by its actions, or by taking some more formal action on the amended motion itself within the period when it was authorized to act.

Here, within the original 30-day time period, Appellant filed a motion for leave to file an amended motion for new trial and an amended motion for new trial.[15] Before its time to act on motions for new trial expired, then, the trial court told the defendant, "Well, I'm going to let you present your motion because you have done all this work." The trial court also allowed a hearing on the amended motion. Following the hearing, the trial court denied the amended motion, and in effect, re-affirmed the prior decision denying the original motion for new trial.

---

[15] Appellant filed both his motion for leave to file and his amended motion for new trial on the last day of the 30-day time period. This is important because in *Moore* the Court held that a defendant may not file an amended motion for new trial *after* the 30-day time period expires, at least over the State's objection. *Moore*, 225 S.W.3d at 558.

The trial court's statement on the record, and act of holding the hearing, amounted to sufficient evidence in the record to support the conclusion that leave of court was granted, which properly allowed the trial court to consider the amended motion. Although the State objected to the presentation of the amended motion and the hearing on the motion, because the trial court has the authority to impliedly grant leave of court to a defendant to amend its motion for new trial, the amendment was timely. As a result, the evidence and exhibits presented in the amended motion for new trial, and the hearing on the motion, were properly considered by the trial court, and should have been considered by the court of appeals.

## IV.    CONCLUSION

We conclude that Texas Rule of Appellate Procedure 21.4(b) affords the trial court the discretion to grant leave of court to allow a defendant to file an amended motion for new trial prior to the expiration of the 30-day time period provided for in Rule 21.4(a), and that the court may do so regardless of whether it has overruled a previous motion for new trial. We therefore reverse the judgment of the court of appeals and remand to that court for it to consider the arguments in, and evidence presented at, the hearing on Appellant's amended motion for new trial.


DELIVERED:              January 26, 2022
PUBLISH